UNITED STATES, Appellee

v.

Robert J. MEDINA, Staff Sergeant
U.S. Army, Appellant

No. 07-0096

Crim. App. No. 20040327

United States Court of Appeals for the Armed Forces

Argued October 1, 2007

Decided February 14, 2008

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN and RYAN, JJ., joined.  STUCKY, J., filed a
dissenting opinion.

<u>Counsel</u>

For Appellant:  Captain Teresa L. Raymond (argued); Lieutenant
Colonel Steven C. Henricks and Major Sean F. Mangan (on brief);
Colonel John T. Phelps II, Major Billy B. Ruhling II, and
Captain Tyesha E. Lowery.

For Appellee:  Captain Adam S. Kazin (argued); Colonel John W.
Miller II, Major Tami L. Dillahunt, Major Elizabeth G. Marotta
(on brief); Captain Mason S. Weiss.


Military Judge:  Robert L. Swann

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Medina, No. 07-0096/AR

Judge BAKER delivered the opinion of the Court.

Pursuant to his pleas, Appellant was convicted by general court-martial before a military judge of three specifications of possessing and transporting child pornography and coercing a minor to produce child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000); four specifications of indecent acts with a minor also in violation of Article 134, UCMJ; and disobeying a noncommissioned officer, in violation of Article 91, UCMJ, 10 U.S.C. § 891 (2000). The child pornography offenses alleged violations of the Child Pornography Prevention Act (CPPA), 18 U.S.C. §§ 2251(a), 2252A(a)(1), 2252A(a)(5)(A) (2000), as crimes and offenses not capital under clause 3 of Article 134, UCMJ. The adjudged sentence included a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence providing for a dishonorable discharge, confinement for fifteen years, and reduction to E-1. The United States Army Court of Criminal Appeals amended the findings of two of the CPPA offenses and affirmed lesser included offenses under clause 2 of Article 134, UCMJ. It then affirmed the remaining findings and the sentence as approved. United States v. Medina, No. ARMY 20040327, slip op. at 6 (A. Ct. Crim App. Aug 31, 2006).

United States v. Medina, No. 07-0096/AR

Appellant's petition was granted on the following issue

specified by the Court:

> WHETHER THE ACTION OF THE COURT OF CRIMINAL APPEALS IN AMENDING SPECIFICATIONS 2 AND 3 OF CHARGE I FROM VIOLATIONS OF ARTICLE 134, UCMJ, CLAUSE 3 (CRIMES AND OFFENSES NOT CAPITAL) TO VIOLATIONS OF ARTICLE 134, UCMJ, CLAUSE 2 (SERVICE DISCREDITING CONDUCT) ADDS AN ELEMENT TO THE OFFENSES IN CONTRAVENTION OF APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000), JONES V. UNITED STATES, 526 U.S. 227 (1999), AND SCHMUCK V. UNITED STATES, 489 U.S. 705 (1989).

### BACKGROUND

Appellant was charged, among other things, with three violations of the CPPA as offenses under clause 3 of Article 134, UCMJ. Specifically, it was alleged that he did "knowingly mail, transport, or ship in interstate or foreign commerce child pornography, in violation of Title 18, U.S. Code Section 2252A(a)(1)" and that he did "coerce [BM], a minor, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct for the purpose of transporting said visual depictions in interstate or foreign commerce, in violation of Title 18, U.S. Code Section 2251(a)."[1]

---

[1] The two specifications at issue in the case, Specifications 2 and 3 of Charge I, are set out in relevant part as follows:

> Specification 2: In that [Appellant] did, at or near Vilseck, Germany, and Fort Knox, Kentucky, on divers occasions between on or about 1 October 2002 and on or about 30 September 2003, knowingly mail, transport or ship in interstate or foreign commerce child pornography, in violation of Title 18, U.S. Code Section 2252A(a)(1).

During the plea inquiry into these offenses, the military judge described the elements of the two Title 18 offenses. For the first offense he advised Appellant of the following elements of 18 U.S.C. § 2252A(a)(1):

> (1) that at Vilseck, Germany and Fort Knox the accused knowingly mailed or transported or shipped child pornography in interstate or foreign commerce by some means;
>
> (2) that at the time the accused knew the material [he was] mailing, transporting or shipping was, in fact, child pornography;
>
> (3) that the accused's acts were wrongful; and
>
> (4) that at the time, Title 18 U.S.C. § 2252A(a)(1) was in existence;

The military judge also gratuitously added an additional fifth element of service discrediting conduct and conduct prejudicial to good order and discipline for each offense:

> (5) that the accused's conduct was conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.

---

Specification 3: In that [Appellant] did, at or near Vilseck, Germany, and Fort Knox, Kentucky, on divers occasions between on or about 1 October 2002 and on or about 30 September 2003, coerce [BM], a minor, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct for the purpose [of] transporting said visual depictions in interstate or foreign commerce, in violation of Title 18, U.S. Code Section 2251(a).

4

With regard to the clause 1 and 2 aspect of the offense the colloquy between the military judge and Appellant went as follows:

MJ: Do you agree that your mailing and transporting and shipping in interstate or foreign commerce the photographs of your daughter on divers occasions at Vilseck, Germany and Fort Knox, Kentucky between on or about 1 October 2002 and on or about 30 September 2003 was conduct prejudicial to good order and discipline or service discrediting conduct?

ACC: Yes, your Honor.

MJ: Service discrediting conduct, again?

ACC: Yes, your Honor.

MJ: Why do you believe that?

ACC: It's not something that professional soldiers should do, Your Honor.

Regarding Specification 3, the military judge advised Appellant as follows, again gratuitously adding the service discrediting element:

(1) that the accused coerced BM to engage in sexually explicit conduct;

(2) that the accused's purpose in coercing BM to engage in this behavior was to produce a visual depiction of that conduct;

(3) that at the time, the accused knew that by taking these pictures, these photographs constituted child pornography;

(4) that the accused intended to transport these visual depictions in interstate or foreign commerce;

(5) that the accused's actions were wrongful;

(6)   that the accused knew that BM was under the age of eighteen; and

(7)   that the accused's conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.

The colloquy between the military judge and Appellant on the last element was as follows:

MJ:   Now, do you believe that your activities here were prejudicial to good order and discipline or service discrediting conduct?

ACC:  Yes, your Honor.

MJ:   Why do you believe that?

ACC:  It makes the Army look bad in front of the eyes of the public, Your Honor.

The final element as given by the military judge for each of the offenses was not an essential element of either of the statutory offenses charged under Title 18.

On appeal, the lower court, citing our decision in United States v. Martinelli, 62 M.J. 52 (C.A.A.F. 2005), declined to affirm the findings as crimes and offenses not capital in violation of clause 3 of Article 134, UCMJ, on the ground that the CPPA provisions violated did not have extraterritorial application to Appellant's actions in Germany. Medina, No. ARMY 20040327, slip op. at 4 n.4. However, the lower court "conform[ed] the findings to the evidence adduced during the plea inquiry," and affirmed the findings of guilty of Specifications 2 and 3 of Charge I, as amended, as lesser

6

included offenses under clause 2 of Article 134, UCMJ.  Medina,
No. ARMY 20040327, slip op. at 5-6.[2]

The question implicitly raised by the specified issue is
whether Appellant's guilty pleas to violations of Article 134,
UCMJ, clause 2 were knowing and voluntary where Appellant
admitted the service discrediting nature of his conduct in
pleading guilty to the offenses alleged under clause 3.

## DISCUSSION

A.  Lesser Included Offenses

A lesser included offense is defined in Article 79, UCMJ,
10 U.S.C. § 879 (2000), as "an offense necessarily included in
the offense charged."  "[A]ny reviewing authority with the power
to approve or affirm a finding of guilty may approve or affirm,

---

[2] The Army court amended the findings of guilt to Specification 2
as follows:

> In that [Appellant] did, at or near Vilseck, Germany
> and Fort Knox, Kentucky, . . . knowingly mail
> transport, or ship child pornography in interstate or
> foreign commerce, which conduct was of a nature to
> bring discredit upon the armed forces in violation of
> Article 134, UCMJ.

And Specification 3 as follows:

> In that [Appellant] did, at or near Vilseck, Germany,
> and Fort Knox, Kentucky, . . . coerce BM, a minor, to
> engage in sexually explicit conduct for the purpose of
> producing visual depictions of such conduct and
> transporting said visual depictions in interstate or
> foreign commerce, which conduct was of a nature to
> bring discredit upon the armed forces in violation of
> Article 134, UCMJ.

7

instead, so much of the finding as includes a lesser included offense." Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2000).

The Government argues, as the lower court concluded, that Article 134(2), UCMJ, is inherently a lesser included offense of Article 134(3), UCMJ. Thus, Appellant was on notice that a plea to an offense alleged under Article 134(3), UCMJ, was, by operation of law, a voluntary and knowing plea to the lesser included offenses within the scope of the plea inquiry. Appellant argues that the military judge erred in adding an additional element of discrediting conduct to the clause 3 offense and then failing to advise the Appellant as to the significance of the additional element with respect to a potential clause 2 offense.

To determine whether a lesser offense is necessarily included in the offense charged this Court applies the "elements test" derived from United States v. Schmuck, 489 U.S. 705, 716 (1989). United States v. Teters, 37 M.J. 370, 376 (C.M.A. 1993). "[T]he comparison to be drawn is between offenses. Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question, and not, as the inherent relationship approach would mandate, by reference to conduct proved at trial regardless of the statutory definitions." Schmuck, 489 U.S. at 716-17 (emphasis omitted). "One offense is

not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." Id. at 716.

This case tests whether an offense arising under clauses 1 and/or 2 of Article 134, UCMJ, depending on the facts, necessarily stands as an included offense to an offense arising under clause 3 of Article 134, UCMJ.[3]

If, as the Government argues, a clause 1 or 2 offense is always a lesser included offense of every federal offense charged under clause 3, then the situation is no different than the typical situation when a lesser offense is ultimately affirmed when the plea colloquy fails to sustain the greater offense. However, if clauses 1 and 2 are not lesser included offenses under clause 3, but rather alternative means or theories of violating Article 134, UCMJ, then the accused must be so advised and must agree to admit his conduct satisfies the alternate legal theory of guilt under Article 134, UCMJ.

Clauses 1 and 2 of Article 134, UCMJ, require two elements of proof:

> If the conduct is punished as a disorder or neglect to the prejudice of good order and discipline in the armed forces, or of a nature to bring discredit upon

---

[3] Thus, our conclusions and analysis are limited in their reach to this question. Whether, and if so, how this analysis applies to Article 134, UCMJ, offenses as lesser included offenses to the enumerated offenses of the UCMJ (Articles 80-132, UCMJ, U.S.C. §§ 880-932 (2000)) are not issues before this Court.

the armed forces, then the following proof is
required:

> (1)   That the accused did or failed to do certain
>         acts; and
> (2)   That, under the circumstances, the accused's
>         conduct was to the prejudice of good order
>         and discipline in the armed forces or was of
>         a nature to bring discredit upon the armed
>         forces.

Manual for Courts-Martial, United States pt. IV, para. 60.b

(2005 ed.).  A clause 3 offense, of course, incorporates the

elements of the federal offense in question.

As a starting point, it is evident that the elements of

clauses 1 and 2 are not textually contained within the clause 3

offenses charged in this case.  This leaves open the possibility

that the elements of disorder and discredit are in some manner

implicitly included in any offense arising under clause 3.  The

UCMJ does not answer the question and our case law provides

arguments on both sides of this issue.

On the one hand, in United States v. Sapp, 53 M.J. 90, 92

n.2 (C.A.A.F. 2000), this Court suggested that the elements of

prejudice to good order and discipline and discredit to the

armed forces were as implicit under an offense under clause 3 as

United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994), stated

they were under the enumerated offenses.  In Sapp, the accused

pleaded guilty to an offense of possession of child pornography

charged under clause three of Article 134, UCMJ, incorporating

18 U.S.C. § 2252(a)(4)(A) (2000).  The accused admitted all the elements satisfying the requirements of the Title 18 offense.  He also admitted that his conduct was service discrediting.  Sapp, 53 M.J. at 91.  On appeal, the Court of Criminal Appeals concluded that the military judge had improperly explained the elements of the federal statute and affirmed instead the "lesser included offense" of service discrediting conduct.  Id.  This Court affirmed on the ground that the offense of service discrediting conduct was an offense "closely related" to a violation of the federal statute under the facts of that case.  Id. at 92-93.  However, this Court also seemed to embrace the lower court's reasoning, stating:

> Article 59(b), UCMJ, 10 U.S.C. § 859(b), provides:  "Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense." That is exactly what the Court of Criminal Appeals did in this case, and properly so.

Id.  The analysis in Sapp has been endorsed in subsequent cases as well.  See United States v. Martinelli, 62 M.J. 52, 66-67 (C.A.A.F. 2005); United States v. Hays, 62 M.J. 158, 168 (C.A.A.F. 2005); United States v. Reeves, 62 M.J. 88, 95 (C.A.A.F. 2005); United States v. Mason, 60 M.J. 15, 18-19 (C.A.A.F. 2004); United States v. O'Connor, 58 M.J. 450, 454 (C.A.A.F. 2003); United States v. Augustine, 53 M.J. 95, 96 (C.A.A.F. 2000).  Therefore, it might follow from Sapp that if

service discrediting conduct is an implicit element to a violation of an enumerated offense under the UCMJ, as stated in Foster, 40 M.J. at 143, then arguably an offense "incorporated" into the UCMJ through operation of clause 3 necessarily bears the same implicit element.

On the other hand, Sapp can be read to support an alternative reading of Article 134, UCMJ. For example, in Sapp, the Court stated, "The three clauses do not create separate offenses. Instead, they provide alternative ways of proving the criminal nature of the charged misconduct."[4] Sapp, 53 M.J. at 92. This view is consistent with the view first stated in United States v. Herndon, 1 C.M.A. 461, 463, 4 C.M.R. 53, 55 (1952), and confirmed later in O'Connor.[5] 58 M.J. at 452. Viewing the clauses of Article 134, UCMJ, as alternative theories of prosecution is consistent with the elements test of Teters, for as noted above, the elements of an offense under

---

[4] The common law moves in small and necessary steps, with courts tending to address only the issue immediately before them. In fairness to the parties, cases of the lower courts as well as this Court have not previously focused on the particular distinctions identified here between closely related offenses, lesser included offenses, and alternative theories of proof. The Sapp opinion, for example, appears to conflate the concepts by suggesting that since the clause three offense and the clause two offense are "closely related," they are lesser included offenses.

[5] The clauses of Article 134, UCMJ, have also been described as "three classes of offenses." United States v. Long, 2 C.M.A. 60, 65, 6 C.M.R. 60, 65 (1952).

clauses 1 or 2 are not textually included as "subsets" of an offense charged as a crime or offense not capital. Moreover, there is no indication that Congress codified any of the numerous offenses contained in the United States Code with the concepts of service discrediting conduct or good order in the military in mind. Obviously, in the case of a civilian prosecution the government need not prove the elements of service disorder or discrediting conduct. Nor are such elements implied. This conclusion is also consistent with the manner in which state crimes are assimilated under clause 3 of Article 134, UCMJ. "Not every violation of a state statute is discrediting conduct." United States v. Rowe, 13 C.M.A. 302, 308, 32 C.M.R. 302, 308 (1962); United States v. Grosso, 7 C.M.A 566, 571, 23 C.M.R. 30, 35 (1957).

Based on the foregoing, we conclude that clauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3, although they may be, depending on the drafting of the specification. This reasoning is further buttressed by the principle of fair notice when pleading.

B. Fair Notice

The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts. United States v. Care, 18 C.M.A. 535, 538-39, 40

13

C.M.R. 247, 250-51 (1969).  A voluntary and knowing relinquishment of the constitutional rights an accused waives in pleading guilty is not possible without knowledge of the nature of the charges brought against him or her, including by implication any applicable lesser included offenses.  Id.; Johnson v. Zerbst, 304 U.S. 458, 464 (1938).  Thus, for the purposes of Article 134, UCMJ, it is important for the accused to know whether he or she is pleading only to a crime or offense not capital under clause 3, a "disorder or neglect" under clause 1, conduct proscribed under clause 2, or all three.  As a result, while it is appropriate for an appellate court to affirm a lesser included offense, an accused has a right to know to what offense and under what legal theory he or she is pleading guilty.  This fair notice resides at the heart of the plea inquiry.

Where an offense is a lesser included offense of the charged offense, an accused is by definition on notice because it is a subset of the greater offense alleged.  However, where a distinct offense is not inherently a lesser included offense, during the guilty plea inquiry the military judge or the charge sheet must make the accused aware of any alternative theory of guilt to which he is by implication pleading guilty.[6]

---

[6] While we remain satisfied with the plea inquiries in the Sapp line of cases, we take this opportunity to clarify what the

14

Similarly, in a contested case, a reviewing court must consider whether or not the prosecution proceeded on the premise or theory that the conduct alleged under clause 3 was also prejudicial to good order or service discrediting in order to affirm under clauses 1 or 2 in the event the clause 3 theory is invalidated. United States v. Smith, 21 C.M.A. 264, 267, 45 C.M.R. 38, 41 (1972); United States v. Mayo, 12 M.J. 286, 292 (C.M.A. 1982). In such a case the members will normally have been instructed as to the alternative theory. This is consistent with the principle that an appellate court may not affirm on a theory not presented to the trier of fact and adjudicated beyond a reasonable doubt. United States v. Riley, 50 M.J. 410, 415 (C.A.A.F. 1999).

C. Applying the Analysis to This Case

In this case, Appellant was not advised during the plea inquiry that in addition to pleading guilty to the incorporated offenses under 18 U.S.C. §§ 2251 and 2552A, he was by implication also pleading guilty to Article 134(2) UCMJ, offenses not charged or otherwise included in the specification as drafted. Moreover, while we know that Appellant admitted to service discrediting conduct in the context of pleading guilty

standard should be in these types of cases and that in the future, we will review these cases under this standard to ensure that the plea is knowing and voluntary to any alternate theories under Article 134, UCMJ, before a conviction will be affirmed under that theory.

15

to the violations of Title 18, we do not know whether he would have done so with the knowledge that he was not required to admit his conduct satisfied the alternate theory under Article 134(2).[7]  It bears emphasis that this is a question about the knowing and voluntary nature of the plea and not the adequacy of the factual basis supporting the plea.

It is intuitive that the viewing of child pornography discredits those who do it, as well as the institutions with which those persons are identified.  It is also clear that Appellant admitted to conduct that is discrediting.  However, it is less intuitive that he knowingly and voluntarily pled guilty to an Article 134(2), UCMJ, offense standing alone.  That is because Appellant's admission of discrediting conduct was in the context of admitting guilt to a violation of Title 18.  In other words, there is no indication in the record that Appellant was apprised or understood that he was not required to admit that his conduct charged under clause 3 was also service discrediting.

The point is better illustrated in a somewhat different and less visceral criminal context.  For example, the Endangered Species Act, 16 U.S.C. § 1531-1544 (2000), authorizes criminal

---

[7] Of course, the parties may agree pursuant to a pretrial agreement that during the plea inquiry the accused will admit his conduct satisfies the requirements of clauses 1 and 2 of Article 134, UCMJ.

16

sanctions for taking or possessing, among other things, a variety of wildlife species listed by the Secretary of the Interior as endangered. Presumably, an accused could be charged and could plead guilty to violations of this act under the "crimes or offenses not capital" clause of Article 134, UCMJ. As in this case, he might even agree that his conduct was service discrediting. If, however, on appeal it is discovered that the particular species was, for instance, removed from the list before the date of the alleged offense, then the accused would only stand convicted of conduct that without the express proscription under federal law would not otherwise be criminal under the United States Code.

The approach we take today builds on Mason and Martinelli, which were both decided after Sapp. In Martinelli we said:

> the record must conspicuously reflect that the accused "clearly understood the nature of the prohibited conduct" as being in violation of clause 1 and clause 2, Article 134, apart from how it may or may not have met the elements of the separate criminal statute underlying the clause 3 charge.

62 M.J. at 67. In Mason we concluded:

> The record here thus contains what was missing in O'Connor and was present in both Sapp and Augustine. The plea colloquy between the military judge and Mason demonstrates that he 'clearly understood the nature of the prohibited conduct' in terms of that conduct being service-discrediting and prejudicial to good order and discipline. Those clause 1 and clause 2 elements were explained to him as a basis for finding his conduct criminal apart from clause 3 and his discussions with and admissions to the military judge were made in that context.

17

60 M.J. at 19 (citation omitted).  For sure these cases involve particular constitutional considerations arising out of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), pertaining to the relationship between conduct that might be protected by the First Amendment in civilian life, but in the military context is criminally sanctioned under Article 134(1) and (2), UCMJ.  However, the underlying principle is the same.  An accused must know to what offenses he is pleading guilty.  Today we conclude with respect to Article 134, UCMJ, given its structure and elements, an accused must also know under what clause he is pleading guilty.  This is accomplished either through advice by the military judge or through operation of the lesser included offense doctrine.

Here, Appellant admitted conduct that was service discrediting, but he did so without knowledge that in pleading guilty to the Article 134(3), UCMJ, offenses, he was not required to plead guilty to service discrediting conduct under Article 134(2), UCMJ.  However, it is unclear why the lower court felt compelled to resort to clause 2 in the first place.  As the court itself observed, "the record contains ample evidence to find that appellant committed CPPA violations as alleged on divers occasions within the United States," i.e., Fort Knox, Kentucky.  Medina, No. ARMY 20040327, slip op. at 4.

## DECISION

The decision of the United States Army Court of Criminal Appeals is set aside as to the sentence and the findings of guilty to Specifications 2 and 3 of Charge I.  The decision with respect to the remaining findings is affirmed.  The record of trial is returned to the Judge Advocate General of the Army for remand to that court to determine, in light of our decision, whether any part of Specifications 2 and 3 of Charge I can be affirmed and whether in any event, reassessment of the sentence is necessary.

STUCKY, Judge (dissenting):

I agree with the majority that the Army Court of Criminal Appeals erred by amending the specification that was referred against Appellant.  But I dissent from the analysis of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), and the majority's conclusion that Appellant's guilty plea was improvident.

I.

Article 134, UCMJ, provides as follows:

> Though not specifically mentioned in this chapter, [1] all disorders and neglects to the prejudice of good order and discipline in the armed forces, [2] all conduct of a nature to bring discredit upon the armed forces, and [3] crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

The majority concludes that "clauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3, although they may be depending on the drafting of the specification."  I disagree.

In Schmuck v. United States, 489 U.S. 705 (1989), the Supreme Court announced that one offense is not a lesser included offense of another "unless the elements of the lesser offense are a subset of the elements of the charged offense." Id. at 716.  And "[s]ince offenses are statutorily defined, that

comparison is appropriately conducted by reference to the statutory elements of the offenses in question." Id.  The plain language of Article 134, UCMJ, makes evident that the statute does not describe three separate offenses or theories of prosecution.  Instead, it describes three distinct classes of offenses not otherwise described in the punitive articles of the UCMJ.  Clause 1 makes criminal conduct that is prejudicial to good order and discipline in the armed forces, while clause 2 makes criminal conduct that is service discrediting.  That the conduct was prejudicial to good order and discipline or was service discrediting is an element of the offense.  Clause 3 offenses do not require either of those elements; rather, they require that the accused's conduct be a non-capital offense that is either (1) a violation of the United States Code that is applicable to servicemembers regardless of where the wrongful conduct occurred, or (2) a violation of federal law applicable at the place of the offense or of state criminal statute applicable to an accused under the Federal Assimilative Crimes Act.  Manual for Courts-Martial, United States (MCM) pt. IV, para. 60.c.(4) (2005 ed.).

A particular act or omission may be a crime or offense not capital under clause 3 and still be prejudicial to good order and discipline or service discrediting.  The three clauses may overlap in their coverage, but they are not coextensive, and one

2

is not a lesser element of either of the others.  As each of the three classes of offenses under Article 134, UCMJ, requires a different element, a clause 1 or clause 2 offense is not a lesser included offense of a clause 3 offense.

## II.

The specifications at issue alleged that at Vilseck, Germany, and Fort Knox, Kentucky, Appellant (1) knowingly mailed, transported, or shipped in interstate or foreign commerce child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (2000) (Specification 2), and (2) coerced a minor to engage in sexually explicitly conduct for the purpose of transporting a visual depiction of such conduct in interstate or foreign commerce in violation of 18 U.S.C. § 2251(a) (2000) (Specification 3).[1]

Neither specification alleged that such conduct was prejudicial to good order and discipline or service discrediting.  That is not surprising in light of the MCM's direction that "[a] specification alleging a violation of Article 134 need not expressly allege that the conduct was 'a disorder or neglect,' that it was 'of a nature to bring

---

[1] It is a mystery to me why, after this Court's ten-year history of invalidating convictions for child pornography offenses under clause 3, and of upholding convictions for such offenses under clause 2, we continue to see cases charged under clause 3.

discredit upon the armed forces,' or that it constituted 'a crime or offense not capital.'" MCM pt. IV, para. 60.c.(6)(a).

"A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication." Rule for Courts-Martial (R.C.M.) 307(c)(3). By citation to the federal statutes, the specifications at issue in this case allege, by necessary implication, in crimes or offenses not capital, in violation of clause 3. The language of the two specifications does not state or necessarily imply that the conduct was also prejudicial to good order and discipline or service discrediting.

Nevertheless, this was a guilty plea, not a contested case. During the providence inquiry, the military judge advised Appellant of the elements of child pornography specifications as clause 3 offenses but added two additional elements -- that Appellant's conduct was prejudicial to good order and discipline or service discrediting. Without reservation, Appellant admitted to these elements. He told the military judge that his conduct was "not something professional soldiers should do" (Specification 2) and "[i]t makes the Army look bad in front of the eyes of the public" (Specification 3). By doing so, Appellant admitted his conduct established violations of clause 1 or clause 2 under Article 134, UCMJ. Even though he was not charged with violating either clause 1 or clause 2, his

4

admissions are sufficient to sustain the military judge's conclusion that the plea was provident. See United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F. 2000) (concluding that the appellant's plea inquiry established his guilt to clause 2 of Article 134, UCMJ, when he was charged under clause 3); United States v. Felty, 12 M.J. 438, 441-42 (C.M.A. 1982) (holding that when the appellant's guilty plea to escape from custody in violation of Article 95(4), UCMJ, 10 U.S.C. § 895(4), could not be sustained but his answers during the providence inquiry established his guilt of escape from confinement in violation of Article 95(4), UCMJ, "the technical variance between the offense alleged and that which is established from an accused's own lips does not require setting aside the plea of guilty").

The majority states that an accused cannot knowingly relinquish the constitutional rights he waives in pleading guilty without full knowledge of the nature of the charges brought against him. I disagree. An accused need only have full knowledge of the nature of the charges to which he pled guilty. The military judge's inquiry was sufficient for Appellant to fully understand that he was pleading guilty under Article 134, UCMJ, to (1) knowingly mailing, transporting, or shipping child pornography, and (2) coercing a minor to engage in sexually explicitly conduct for the purpose of transporting visual depictions of conduct, and (3) that such conduct was

5

prejudicial to good order and discipline or service discrediting.  Therefore, I would affirm the convictions of Specification 2 under clause 1 and Specification 3 under clause 2.