ERDMANN, Judge,
with whom RYAN, Judge,
joins (concurring in part and dissenting in part):
I agree with the majority that the offense of conduct unbecoming an officer and a gentleman under Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), is a purely military offense and cannot serve as the underlying criminal offense for a housebreaking charge under Article 130, UCMJ, 10 U.S.C. § 930 (2000). See Manual for Courts-Martial, United States pt. IV, para. 56.e(3) (2002 ed.) (MCM). I do not agree that unlawful entry under Article 134(1) or (2), UCMJ, 10 U.S.C. § 934(1), (2) (2000), may be affirmed as a lesser included offense under the circumstances of this case. To do so is to retreat from our recent decision in United States v. Medina, 66 M.J. 21 (C.A.A.F.2008). I read Medina differently than does the majority and believe that case represents a departure from this court’s pri- or practice of assuming that clauses 1 and/or 2 of Article 134, UCMJ, are inherently, necessarily, implicitly or constructively lesser included concepts of other offenses, including the enumerated offenses. The effect of the majority opinion is to revive those concepts as a basis for finding lesser included offenses.
Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), empowers a military appellate court “to approve or affirm ... so much of the finding as includes a lesser included offense.” The test for determining whether one offense is a lesser included offense of another is the “elements test” which is “ ‘conducted by reference to the statutory elements of the offenses in question, and not, as the inherent relationship approach would mandate, by reference to conduct proved at trial regardless of the statutory definitions.’” Id. at 24-25 (emphasis omitted in original) (quoting Schmuck v. United States, 489 U.S. 705, 716-17, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)). A comparison of the textual elements of housebreaking under Article 130, UCMJ, and those of unlawful entry under Article 134, UCMJ, reveals that conduct “to the prejudice of good order and discipline in the armed forces” and “conduct of a nature to bring discredit upon the armed forces” are not subsets of the textual elements of Article 130, UCMJ, housebreaking.
Since the unique elements of clauses 1 and 2 of Article 134, UCMJ, are not a subset of the elements of housebreaking, under our p:re-Medina precedent the inquiry would turn to whether those clause 1 and 2 elements are “implicit” in the offense of housebreaking. See United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994). I question whether, after Medina, the concept of “implicit” elements has continuing validity in this court’s jurisprudence. If it does have continuing validity, I disagree with the majority’s conclusion that “[t]he third element required for unlawful entry is inherently included within the second element of housebreaking.” United States v. Conliffe, 67 M.J. *136 at 133 (C.A.A.F.2008). I do not find “prejudicial to good order and discipline” or “of a nature to bring discredit upon the armed forces” inherent within housebreaking’s requirement that “the unlawful entry was made with the intent to commit a criminal offense therein.” MCM pt. IV, para. 56.b(2).
The second element of housebreaking is fulfilled by “any act or omission punishable by courts-martial, except an act or omission constituting a purely military offense.” Id. at para. 56.c(3) (emphasis added). The scope of this element includes, inter alia, offenses punishable under clause 3 of Article 134, UCMJ. As we concluded in Medina, “[Clauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3.” 66 M.J. at 26. This conclusion from Medina makes clear that not all offenses punishable by court-martial inherently contain clause 1 or 2 lesser included offenses. Therefore, while the second element of housebreaking may, under appropriate circumstances, allege an offense encompassing clauses 1 and 2 of Article 134, UCMJ, those clauses are not inherently included in housebreaking itself.
The majority also finds that Conliffe “was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry” and therefore the dictates of Medina that “an accused has a right to know to what offense and under what legal theory he or she is pleading guilty” were satisfied. Conliffe, 67 M.J. at 134-35 (citing Medina, 66 M.J. at 26, 27) (quotation marks omitted). I disagree that the nature of the specification in this case gave Conliffe fair notice that in pleading guilty to the enumerated offense of housebreaking he was also pleading guilty to conduct encompassed by either clause 1 or clause 2 of Article 134, UCMJ. The specification on the charge sheet provided no such notice. “Constructive notice” that Conliffe was pleading guilty to a separate offense is a significant retreat from our position in Medina.
The only reference to unlawful entry in this case was when the military judge stated that absent a contemporaneous specific intent to commit a criminal offense when Con-liffe unlawfully entered the barracks and locker room, he would be guilty of only the lesser included offense of unlawful entry. However, the military judge did not further discuss or explain the elements of unlawful entry, nor did he create a record upon which this court could base a conclusion that Con-liffe knew and understood that his plea encompassed the unique clause 1 or 2 elements of unlawful entry.
Finally, I would not find that Conliffe was given fair notice of the clause 1 or 2 elements by virtue of the “conduct unbecoming an officer and gentleman” language in the specification. Article 133, UCMJ, and clause 2 of Article 134, UCMJ, each encompasses a form of injury that is substantively different. “Conduct unbecoming” as used in Article 133, UCMJ, is personal to the accused — the conduct “dishonors or disgraces the person as an officer”; it “compromises the officer’s character as a gentleman”; it “dishonors] or disgrace[es] the officer personally”; or it “seriously compromises the person’s standing as an officer.” MCM pt. IV, para. 59.c(2) (emphasis added).
In contrast, “discredit” as used in Article 134(2), UCMJ, has a much different meaning: “ ‘Discredit’ means to injure the reputation of. This clause of Article 134 makes punishable conduct which has a tendency to bring the service into disrepute or which tends to lower it in public esteem.” Id. at para. 60.c(3) (emphasis added). I find nothing in the specification itself or in the record to indicate that Conliffe was on notice of this distinction and therefore “[knew] to what offense and under what legal theory he ... [was] was pleading guilty” in order to permit this court to affirm the offense of unlawful entry as a lesser included offense. Medina, 66 M.J. at 27.[1]
*137 I do not find unlawful entry to be a “subset” offense of housebreaking or inherently included in housebreaking. Conliffe was not given fair notice by either the specification or providence inquiry that his plea to housebreaking would also constitute a guilty plea to all the elements of unlawful entry. I therefore dissent from that portion of the majority opinion that affirms unlawful entry as a lesser included offense. I would set aside the findings of housebreaking and the sentence, affirm the remaining findings, and authorize a rehearing on the sentence.

. The majority notes a number of this court's earlier cases have concluded that "service discredit or disorder under Article 134 is a lesser-included offense of conduct unbecoming an officer under Article 133.” Conliffe, 67 MJ. at 134 (quoting United States v. Cherukuri, 53 M.J. 68, 71 (C.A.A.F.2000) (quotation marks omitted)). However, in addition to the distinct nature of the *137 discredit involved in the two offenses, Medina undermines if not eliminates the premise of these cases that discredit and disorder under Article 134, UCMJ, are "necessarily” included within the individual discredit or disgrace required under Article 133, UCMJ. Medina makes clear that Article 134, UCMJ, is not a, per se, general disorder lesser included offense in all instances. I therefore disagree that Conliffe "was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry.” Id. at 135.