RYAN, Judge
(concurring in part and dissenting in part):
I concur with the majority’s conclusion that conduct unbecoming an officer and a gentleman in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), is a purely military offense and, as such, cannot serve as the intended criminal offense underlying a charge of housebreaking under Article 130, UCMJ, 10 U.S.C. § 930 (2000). United States v. Conliffe, 67 M.J. at 132-33 (C.A.A.F.2008). I join Judge Erdmann’s opinion because I agree that Appellant’s conviction may not be affirmed to a lesser included offense of unlawful entry under Article 134, UCMJ, 10 U.S.C. § 934 (2000), where the elements of the lesser included offense were neither charged in the specification nor explained and admitted to during the providence inquiry, without running afoul of this Court’s decision last term in United States v. Medina, 66 M.J. 21 (C.A.A.F.2008). Conliffe, 67 M.J. at 136 (Erdmann, J., concurring in part and dissenting in part). I write separately to express my dismay at the majority’s apparent resuscitation of the concept of “implicit elements,” recast as “inherently included” elements.
The majority states that its analysis is limited to the “relation between the second element of housebreaking and the third element of ... unlawful entry,” Conliffe, 67 M.J. at 135 (majority opinion). But I see no difference between the majority’s conclusion that “[t]he third element required for unlawful entry is inherently included within the second element of housebreaking,” id. at 133, and an application of the “implicit elements” concept to any comparison between a greater enumerated offense and a lesser offense under Article 134, UCMJ, clause 1 or 2.
The concept of implicit elements, often attributed to United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994), permits an appellate military court to affirm a conviction to a lesser included offense under Article 134, UCMJ, if the conviction of the greater enumerated offense is disapproved — and relieves the government of the need to plead or prove elements of the Article 134, UCMJ, offense on the theory that they are “implicitly” there. If ever it was correct, this concept now appears wholly unsupportable. See, e.g., Jones v. United States, 526 U.S. 227, 251-52, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (holding that the Fifth Amendment’s Due Process Clause and the Sixth Amendment’s notice and jury trial guarantees require that all elements must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt); Schmuck v. United States, 489 U.S. 705, 718, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) (allowing lesser included offense instructions “only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge”). While Medina did not explicitly overrule Foster, prior to this ease I believed Medina had cast serious doubt on Fosters continuing viability. See Medina, 66 M.J. at 26 (emphasizing an accused’s “right to know to what offense and under what legal theory he or she is pleading guilty”).
*138 In Foster, 40 M.J. at 142-43, this Court considered whether ■ to adopt the elements test that was established by the Supreme Court to determine whether one offense is “necessarily included” as a lesser offense of another under Fed.R.Crim.P. 31(c). See Schmuck, 489 U.S. at 716, 109 S.Ct. 1443 (holding that “one offense is not ‘necessarily included’ in another unless the elements of the lesser offense are a subset of the elements of the charged offense”) (emphasis added). Under the Schmuck test, a simple side-by-side comparison of elements reveals whether one offense is included in another. See id. at 716, 720, 109 S.Ct. 1443 (requiring a “textual comparison of criminal statutes,” which “is appropriately conducted by reference to the statutory elements of the offenses in question”). Because the military lesser included offense statute, Article 79, UCMJ, 10 U.S.C. § 879, is virtually identical to the federal rule, the Foster Court claimed to explicitly adopt the Schmuck elements test. 40 M.J. at 142-43.
So far so good. But despite the apparent simplicity of applying the elements test, the Foster Court was confronted with the fact that all offenses charged under clauses 1 or 2 of Article 134, UCMJ, include one element that the enumerated offenses do not — that the conduct of the accused was either “to the prejudice of good order and discipline in the armed forces” or “of a nature to bring discredit upon the armed forces.” Rather than conclude, in conformity with Schmuck, that Article 134, UCMJ, is therefore not a lesser included offense of every enumerated offense, the Court “[held] simply that, in military jurisprudence, the term ‘necessarily included’ in Article 79 encompasses derivative offenses under Article 134.” Foster, 40 M.J. at 143.
The Foster Court explained its holding as follows:
Our rationale is simple. The enumerated articles are rooted in the principle that such conduct per se is either prejudicial to good order and discipline or brings discredit to the armed forces; these elements are implicit in the enumerated articles. Although the Government is not required to prove these elements in an enumerated-article prosecution, they are certainly present.
Id.[1] This explanation contradicts the basic Due Process principle that all elements of an offense must be proven by the government beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged”); see also Jones, 526 U.S. at 232, 119 S.Ct. 1215 (“Much turns on the determination that a fact is an element of an offense ... given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt.”); Apprendi v. New Jersey, 530 U.S. 466, 510, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (Thomas, J., concurring) (“ ‘[T]he indictment must allege whatever is in law essential to the punishment sought to be inflicted.’ ” (quoting 1 J. Bishop, Law of Criminal Procedure 50 (2d ed.1872))). I am aware of no other circumstance in which an element is “certainly present” in an offense, but need not be proven because it is “implicit” or “inherent.” In fact, the Supreme Court has previously rejected a similar construct in the context of jury instructions. Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).
In Mullaney, the Supreme Court considered instructions providing that although malice aforethought was an element of the crime of murder, its existence was to be “conclusively implied” unless the defendant could show otherwise. Id. at 686, 95 S.Ct. 1881. The Court invalidated these instruc *139 tions, and the state law they were based on, because they relieved the government of its burden to prove the intent element beyond a reasonable doubt. Id. at 697-704, 95 S.Ct. 1881; see also Sandstrom v. Montana, 442 U.S. 510, 512, 523, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (rejecting an instruction that “the law presumes that a person intends the ordinary consequences of his voluntary acts” because jurors “could reasonably have concluded that they were directed to find against defendant on the element of intent,” thereby eliminating the government’s burden of proof as to that element). Similarly, while it may seem intuitively true that conduct prohibited by the enumerated articles, such as entering a structure with the intent to commit an offense therein, is also prejudicial to good order and discipline or service discrediting, intuition alone cannot justify the legal conclusion that because the elements are “certainly present,” “implicit,” or “inherent,” the government is relieved of its duty to charge and prove them.
Finding that the prejudicial to good order and discipline and service discrediting elements are implicit or inherent in the enumerated offenses also intrudes upon an accused’s right to notice of the charges brought against him. Concern for this notice is at the heart of the elements test, for “a defendant cannot be held to answer a charge not contained in the indictment brought against him.” Schmuck, 489 U.S. at 717, 109 S.Ct. 1443. Indeed, if the government were “able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be placed in jeopardy.” Id. at 718, 109 S.Ct. 1443. Thus, in cases where the elements of the alleged lesser offense are not a subset of the greater, the principle of fair notice dictates that the accused may not be convicted of that alleged lesser offense. See Hopkins v. Reeves, 524 U.S. 88, 99, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998) (finding where the state “proceeded against respondent only on a theory of felony murder, a crime that under state law has no lesser included homicide offenses[,] ... [t]o allow respondent to be convicted of homicide offenses ... would be to allow his jury to find beyond a reasonable doubt elements that the State had not attempted to prove, and indeed that it had ignored during the course of trial”). It was these very pleading and notice rights that I thought Medina addressed and that are present in the case before us.
The implicit elements concept as conceived by Foster and reinvigorated by the majority today, albeit recast as elements “inherently included,” suggests that prejudicial to good order and discipline and service discrediting elements exist in a penumbral cloud, not subject to pleading or proof beyond a reasonable doubt for conviction of an enumerated offense, but available to be summoned by the government if and when needed to affirm a lesser included offense. I agree that there is a necessity for commanders to retain flexibility under Article 134, UCMJ, to maintain good order and discipline, particularly in the area of military-specific offenses; as the Supreme Court has recognized, the military must “regulate aspects of the conduct of members of the military which in the civilian sphere are left unregulated.” Parker v. Levy, 417 U.S. 733, 749, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). But I disagree that Article 134, UCMJ, where its elements are not charged or proven, is or ever was intended to serve as a fallback option for the government to uphold a conviction to a lesser included offense whenever a conviction to the greater charged offense is overturned on appeal. I see no peculiar military necessity requiring such an option, which is almost certainly not available to federal prosecutors in the federal district court. See, e.g., United States v. Vasquez-Chan, 978 F.2d 546, 553-55 (9th Cir.1992) (refusing to affirm a conviction for misprision of a felony because that offense requires at least one element not present in the offenses for which the appellant was originally convicted); United States v. Cavanaugh, 948 F.2d 405, 409-12 (8th Cir.1991) (refusing to affirm a conviction for assault resulting in serious bodily injury in place of a murder conviction that was set aside, because the assault offense had an additional element that was not proved at trial).
*140 I respectfully dissent from the portion of the majority’s holding affirming a conviction to a violation of Article 134, UCMJ.

. The Court was concerned that if those elements were not implicit iii the enumerated offenses, then every lesser Article 134, UCMJ, offense would have an element the greater enumerated offense did not, and vice versa. Foster, 40 M.J. at 143. This would allow servicemembers to be charged with both offenses and would also deny them the chance to request a lesser included offense instruction. Id. Although I appreciate this concern, it does not justify creating a legal fiction that conflicts with the very law the Court was purporting to adopt.