# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class GREGORY M. RHODES**
**United States Army, Appellant**

ARMY 20120379

Headquarters, 2d Infantry Division
Thomas M. Kulish, Military Judge
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA.

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

17 September 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave [hereinafter AWOL] terminated by apprehension and violation of a lawful general regulation, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ninety days, and reduction to the grade of Private E-1. The convening authority approved the adjudged sentence and credited appellant with seventy-eight days of confinement against his sentence to confinement. This case is before us for review pursuant to Article 66, UCMJ.

Appellant submitted his case to this court upon its merits. However, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant requested this court to "strike any language referencing termination by apprehension from the" AWOL charge due to an insufficient *Care* inquiry. We agree the providence inquiry was inadequate with respect to that element and grant relief in our decretal paragraph.

## DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538–39, 40 C.M.R. 247, 250–51 (1969)).

The Specification of Charge I alleges that appellant absented himself from his unit until he was apprehended. At the outset of the providence inquiry, the military judge explained the three elements of absence without leave but did not mention the aggravating factor of termination by apprehension. During the providence inquiry, appellant told the military judge that he voluntarily left his unit on 28 December 2011 without authorization to do so and that he did not return to his unit until 2 February 2012. Appellant testified that on the day of his return, he allegedly lost his wallet and was accordingly unable to pay his cab fare. The cab driver took appellant to a Korean police station. Ultimately, the Korean police notified the U.S. Army and the military police retrieved appellant. The military judge never defined "apprehension" or discussed the conditions that must exist for an apprehension by civilian authorities to be deemed an involuntary return to military control. *See Care*, 40 C.M.R. at 253 (the record of trial must reflect that the element of each offense was explained to the accused and that the military judge has questioned the accused in order to make clear the basis for the military judge's finding of guilty).

## CONCLUSION

Upon consideration of the entire record, including the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of guilty of Charge I and its Specification as finds appellant did, on or about 28 December 2011, without authority, absent himself from his unit, to wit: B Troop, 4th Battalion, 7th Cavalry, located at Camp Hovey, Republic of Korea, and did remain so absent until on or about 2 February 2012, in violation of Article 86, UCMJ. The remaining finding of guilty is affirmed. Disapproving the "terminated by apprehension" language does not change the maximum potential sentence or the sentencing landscape. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors

identified by Judge Baker in his concurring opinion, the court affirms the sentence as approved.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court