YOB, Senior Judge,
concurring in part and dissenting in part:
I also concur in part and dissent in part with the majority opinion, for reasons consis *575 tent with those expressed in Judge Krauss’s opinion.
As the majority opinion acknowledges by favorably citing the standard articulated in United States v. Loos, 4 USCMA 478, 16 C.M.R. 52 (1954), military courts have long recognized a distinction between the offenses of breaking restriction, a violation of Article 134, UCMJ, and willful disobedience of a superior commissioned officer, which falls under Article 90, UCMJ. Both offenses have elements requiring proof that the accused violated an order from a person who was authorized to issue that order. However, in eases where the order directs a soldier to remain within certain limits, a violation of the order would constitute the offense of breaking restriction, unless there is some form of proof or admission that the order was given with the “full authority of [the commander’s] office” intending to “lift [the duty to remain within certain limits] above the common ruck.” Id. at 480, 16 C.M.R. at 54.
Willful disobedience and breaking restriction are qualitatively different crimes within the spectrum of military offenses. Willful disobedience carries a possible maximum punishment of confinement that is sixty times greater than the maximum punishment of confinement under breaking restriction. Manual far CauMs-Martial, United States (2012 ed.) [hereinafter MCM ], pt. IV, ¶¶ 14.-e(2), 102.e. On top of that, willful disobedience offenses can result in the imposition of a punitive discharge, while breaking restriction does not authorize any such punishment. MCM, pt. IV, ¶¶ 14.e(2), 102.e. The punishment that could result from a conviction for willful disobedience is far more severe even than the punishment authorized for escape from pretrial confinement (charged pursuant to Article 95, UCMJ, when a person who is lawfully ordered into pretrial confinement vi-' olates that order by escaping from the physical restraint imposed). MCM, pt. IV, ¶ 19.-e(4). In escalating conduct that amounts to breaking restriction to the offense of willful disobedience the majority opinion would allow the absurd effect of transforming a breaking restriction offense into an offense that is a far more serious offense than escaping from confinement.
In this case, the facts developed indicated appellant’s commander considered placing him in pretrial confinement as a result of appellant’s past behavioral issues and lack of accountability. It is not unusual for commanders to impose restriction in such circumstances, as a lesser form of restraint than pretrial confinement. None of the admissions by appellant in the stipulation of fact or during his providence inquiry indicated that the order he received from his commander was to be anything more than this typical situation in which a commander imposes restriction following some misconduct the unit is attempting to address.
The providence inquiry in this ease was factually and legally inadequate to support a finding of guilty to a violation of Article 90, UCMJ, for willful disobedience of a superior commissioned officer as it raised a substantial basis in law and fact to question appellant’s plea. United States v. Inabinette, 66 M.J. 320 (C.A.A.F.2008). Our superior court has held that “[t]he providence of a plea is based not only on the accused’s understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts.” United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008) (citing United States v. Care, 18 USCMA 535, 538-39, 40 C.M.R. 247, 250-51 (1969)).
As noted above, the facts indicated nothing lifting the commander’s order above anything more than the simple imposition of restriction. Even if the factual admissions of the appellant during his providence inquiry could be interpreted by a military judge to constitute the rare case in which the restriction is “lifted above the common ruck,” in the context of a guilty plea it would also be incumbent on the military judge to ensure the appellant understood the legal distinction between a violation of an order constituting willful disobedience and one that would result only in the offense of breaking restriction. Such an explanation would meet the requirements set forth in Care and Medina that a military judge conducting a providence inquiry is to ensure that an accused understands how his factual admissions support a finding that he committed a willful disobedience of *576 fense in a legal sense as opposed to constituting a violation of breaking restriction.
The precedent set by the majority opinion would render any distinction between breaking restriction and willful disobedience meaningless. This is contrary to the intent of the legislature and President in defining these as two separate offenses with vastly different sentencing implications.
For these reasons, I would set aside appellant’s conviction for willful disobedience of a superior commissioned officer as being improvident, but would affirm the remaining findings of guilty and the sentence as adjudged and approved by the convening au-' thority.