# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAMION M. PETEE**
**United States Army, Appellant**

ARMY 20130128

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

24 September 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas of attempted wrongful distribution of hydromorphone (two specifications), wrongful use of cocaine, wrongful use of amphetamine, sexual abuse of a child, assault consummated by a battery, child endangerment by design (three specifications), child endangerment by culpable negligence (two specifications), and unlawfully hosting minors consuming alcoholic liquor or cereal malt beverages in violation of Articles 80, 112a, 120b, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 912a, 920b, 928, 934 (2006 & Supp. V 2012). Appellant was sentenced to a dishonorable discharge and three years confinement. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge and 30 months confinement. The convening authority also credited appellant with 105 days against the sentence to confinement.

PETEE—ARMY 20130128

This case is before the court for review under Article 66, UCMJ. Appellant assigns two errors asserting the improvidence of his pleas to the two specifications of child endangerment by culpable negligence and to the charge and specification of assault consummated by a battery, respectively. He also raises an issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find that the error relative to the battery has merit, but that the other assigned error and the matter raised pursuant to *Grostefon* do not.

Appellant pled guilty to assault consummated by a battery based on the fact that he injected dilaudid[1] into the arm of a minor who asked him to do it. During the providence inquiry, the military judge premised appellant's guilty plea on the notion that "a person may not lawfully consent to having something done to them that is unlawful" and that "a person cannot lawfully consent to an unlawful touching." The parties do not offer, and we do not find, any authority to embrace such a broad diminution of the consent defense to simple battery. We recognize the possibility that one might providently plead guilty to a charge of simple battery under these circumstances. However the legal premise of such a plea would be based on the notion that such activity is sufficiently offensive to public order as to permit liability under Article 128. *See generally United States v. Bygrave*, 46 M.J. 491 (C.A.A.F. 1997); *United States v. Arab*, 55 M.J. 508 (Army Ct. Crim. App. 2001). An accused might admit that the act of injecting a potentially injurious illegal drug into the arm of a drunken minor is sufficiently offensive to the public generally as to permit conviction under Article 128. However, neither that legal premise, nor reference to those facts as the basis for criminal liability in that context, was discussed with appellant. Therefore, we hold that appellant's plea to this offense is insufficiently intelligent to warrant its acceptance. *See United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2008).[2]

Although not raised by appellant, we also find precious little in the record to accept appellant's pleas to child endangerment under Article 134 as far as the alleged prejudice to good order and discipline and will take action accordingly. Nowhere does appellant articulate prejudice as contemplated or defined under Article 134. *See Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 60.c(2)(a). He did, however, rather consistently articulate facts

---

[1] Appellant stipulated that "dilaudid" is a Schedule II controlled substance with the generic name of hydromorphone.

[2] Even if we were to accept appellant's plea on the general premise expressed by the judge, we conclude that the circumstances of this case warrant the exercise of our plenary power under Article 66 to set aside the battery conviction as an unreasonable multiplication of charges in light of appellant's conviction of child endangerment by design for the same misconduct. *See* Rule for Court-Martial 307(c)(4); *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001).

2

sufficient to establish a knowing and intelligent plea to conduct that was service discrediting. *See MCM*, pt. IV, ¶ 60.c(3).

The findings of guilty as to Charge IV and its specification (assault consummated by a battery) are set aside and dismissed. As to Specifications 1, 2, 3, 4, and 6 of Charge V (child endangerment), we affirm only so much of each specification as alleges that appellant's conduct was of a nature to bring discredit upon the armed forces. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted and the entire record, we are confident appellant would have received a sentence at least as severe as that approved by the convening authority. *See United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court