# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Larry C. SHELBY
### Information Systems Technician First Class (E-6), U.S. Coast Guard

### CGCMS 24925
### Docket No. 1415

### 13 July 2016

Special Court-Martial convened by Commanding Officer, Coast Guard Command, Control Communications, Computers and Information Technology Service Center (C4IT Service Center). Tried at Norfolk, Virginia, on 21 October 2014.

| | |
|---|---|
| Military Judge: | CDR Cassie A. Kitchen, USCG |
| Trial Counsel: | LT Amy K. Sung, USCGR |
| Assistant Trial Counsel: | LT Brett F. McCall, USCGR |
| Civilian Defense Counsel: | Mr. Richard L. Morris, Esq. |
| Military Defense Counsel: | LT Latham T. Hudson, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

### BEFORE
### McCLELLAND, HAVRANEK & JUDGE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of desertion, in Violation of Article 85, Uniform Code of Military Justice (UCMJ); and one specification of false official statement, in violation of Article 107, UCMJ. The military judge sentenced Appellant to reduction to E-3, 180 days confinement, and a bad-conduct discharge. The Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors. *Sua sponte*, we discuss the specification of false official statement. We affirm.

Appellant was found guilty of a specification under Article 107 alleging, in pertinent part, that he "did . . ., with intent to deceive, make to Corporal Joseph Flanigan, West Virginia State Police, an official statement, to wit: 'I'm Jeff York' or words to that effect," which was a false claim of identity.

A false statement to civilian law enforcement officials is not necessarily a false official statement within the meaning of Article 107, although it may be. *United States v. Teffeau*, 58 M.J. 62, 69 (C.A.A.F. 2003). "We interpret Article 107, UCMJ, as applying to statements affecting *military* functions . . ." *United States v. Spicer*, 71 M.J. 470, 473 (C.A.A.F. 2013). The purpose of Article 107, UCMJ, derived in part from an understanding of 18 U.S.C. §1001, "is to protect the authorized functions of the military from the perversion which might result" from the deceptive practices described in 18 U.S.C. §1001. *Id.* at 474.

To determine whether a false statement is official, we must look to whether the statement relates to the official duties of either the speaker or the hearer. *Id.* (quoting *United States v. Day*, 66 M.J. 172, 174 (C.A.A.F. 2008)). "The speaker may make a false official statement 'in the line of duty,' MCM pt. IV, para. 31.c.(1), or to civilian law enforcement officials if the statement bears a 'clear and direct relationship' to the speaker's official duties." *Id.* (quoting *Teffeau*, 58 M.J. at 69).

"Alternatively, a statement may be official if the hearer is a military member carrying out a military duty at the time the statement is made." *Id.* (quotation marks omitted, citing *United States v. Cummings*, 3 M.J. 246, 247 (C.M.A. 1977)). "Finally, the statements at issue may be official if the hearer is a civilian who is performing a military function at the time the speaker makes the statement." *Id.* at 475.

A further consideration is that in a guilty plea case, to plead providently, an accused must understand how the law relates to the facts. *United States v. Medina,* 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 USCMA 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). The record must contain a sufficient factual basis to support the plea. Rule for Courts-Martial 910(e), Manual for Courts-Martial, United States (2012 ed.). The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008).

In this case, during the providence inquiry, Appellant testified that in the encounter with the state police officer, the officer knew in advance of the encounter that Appellant was in the military. (R. at line 761.) The military judge asked, "Do you know now whether or not he was acting on the military's behalf when he stopped you?" Appellant answered in the affirmative. (R. at lines 764-69.)

The fact that the state police officer was acting on the military's behalf when Appellant made the false statement to him places the statement firmly in the last category listed in *Spicer*: the hearer was performing a military function at the time the speaker, Appellant, made the statement. Even though the military judge did not explain to Appellant that a statement may be official if the hearer is a civilian performing a military function (as set forth in *Spicer* and quoted above), Appellant's admission to the military judge that the hearer was acting on the military's behalf leaves no substantial basis for questioning the guilty plea.

One might wonder whether an accused must be aware at the time of making the statement that the hearer is performing a military function in order to bring the statement within Article 107. In *Spicer,* when opining that in order to fall within Article 107, a matter must affect a military function at the time the statement is made, the court added, "The putative accused, in other words, is on fair notice of his or her liability based on an actual connection to military functions, rather than on the fortuity or likelihood that a matter will subsequently be referred to military jurisdiction." *Spicer*, 71 M.J. at 473. We read this to emphasize that the military function must be actual, not potential; we do not read it to mean that an accused's actual knowledge of the military function is necessary.

In short, the statement to the state police officer, as described by Appellant in the providence inquiry as well as in the stipulation of fact (Prosecution Ex. 1), provided the necessary factual basis for the guilty plea; the plea was provident.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges HAVRANEK and JUDGE concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court