Judge BAKER
delivered the opinion of the Court.
Appellant entered guilty pleas before a military judge sitting as a general court-martial at West Point, New York. Following the providence inquiry, the military judge accepted Appellant’s pleas and found Appellant guilty of three specifications of housebreaking, five specifications of conduct unbecoming an officer and a gentleman, and “intentionally us[ing] an image recording device for the purpose of videotaping the sexual conduct of [another] without her consent,” in violation of Articles 130, 133, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 930, 933, and 934 (2000), respectively.[1] The adjudged and approved sentence consisted of confinement for eighteen months, forfeiture of all pay and allowances for eighteen months, and dismissal from the Army. The United States Army Court of Criminal Appeals affirmed. United States v. Conliffe, 65 M.J. 819, 823 (A.Ct.Crim.App.2007). We granted review of the following issue:
WHETHER APPELLANT’S PLEAS OF GUILTY TO THE THREE SPECIFICATIONS OF CHARGE II, HOUSEBREAKING, ARE IMPROVIDENT WHERE THE INTENDED CRIMINAL OFFENSE UPON ENTRY, CONDUCT UNBECOMING AN OFFICER AND GENTLEMAN, IS A PURELY MILITARY OFFENSE.
We hold that “conduct unbecoming an officer and gentleman” is a purely military offense for the purposes of an Article 130, UCMJ, housebreaking charge. We therefore reverse the lower courts decision with respect to Appellant’s guilty pleas to Charge II. However, for the reasons stated below, we affirm the lesser included offense of unlawful entry for each of the offenses under Charge II.
BACKGROUND
The lower court’s opinion provides the facts at issue in this case:
Appellant was a first class cadet (a senior) at the United States Military Academy (the Academy), scheduled for graduation and commissioning as a second lieutenant in May, 2003....
[In 2003], appellant twice unlawfully entered the locker room of an Academy women’s varsity sports team, concealed his video camera, and secretly filmed undressed women entering and exiting the shower. Similarly, he unlawfully entered the barracks room of one of the female cadets he previously filmed in the locker room, hid the video camera in her barracks room, and secretly filmed her changing clothes. Finally, while on leave at his parents’ home in Kentucky, appellant had consensual sexual activity with a civilian woman in his bedroom, but filmed her performing oral sex on him without her knowledge or consent.
During the providence inquiry concerning the housebreaking offenses, appellant told the military judge that he accomplished his intended goal in each instance by successfully and secretly filming the women undressed or undressing. Each of the three housebreaking specifications [to Charge II] alleged the underlying offense was “uti-liz[ing] an imaging device to surreptitiously record the image[s] of [the various victims in the various locations] by hiding a digital video camera in the room, such acts constituting conduct unbecoming an officer and gentleman, therein.”
Conliffe, 65 M.J. at 820-21 (alterations in original).
During the plea inquiry, the military judge provided Appellant with the elements of both housebreaking and of conduct unbecoming an officer and a gentleman:
*130 In order to plead guilty to these offenses, you must admit and agree, without reservation, that your conduct constituted the following elements:
One, that on 3 May 2003, at or near West Point, New York, you unlawfully entered the barracks room of Cadet [LB]; and on two separate occasions, on 29 and 31 July 2003, you unlawfully entered the U.S. Military Academy women’s’ [sic] basketball team dressing room, the property of the United States Army; and
Two, that the unlawful entry was made with the intent to commit therein the criminal offense of using a digital imaging device to surreptitiously record images of Cadet [LB] in her barracks room in the first instance, and the members of the U.S. Military Academy [women’s] basketball team in their locker room, a crime constituting conduct unbecoming an officer and gentleman under Article 133, UCMJ.
These elements of conduct unbecoming an officer and gentleman are:
That you did certain acts; that is, you used an imaging device to surreptitiously record the image of Cadet [LB], or members of the United States Military Academy basketball team in their locker room, by hiding a digital video camera in the rooms; and
Two, that under the circumstances, these acts constituted conducted [sic] unbecoming an officer and gentleman.
“Conduct unbecoming an officer and gentleman” means behavior in an official capacity which is dishonoring or disgracing an individual as a cadet, which seriously detracts from your character as a gentleman, or behavior in an unofficial or private capacity which dishonors or disgraces you personally, or seriously detracts from your standing as a cadet.
“Unbecoming conduct” means behavior more serious than slight, and of a material and pronounced character. It means conduct morally unfitting and unworthy, rather than inappropriate or unsuitable. It is misbehavior which is more than opposed to good taste or propriety.
The military judge also advised Appellant that he should plead guilty only to the lesser included offense of unlawful entry if he did not enter with the intent to commit a crime within:
If you admit that you unlawfully entered the barracks room, or the locker rooms, on these occasions, but did not do so with the specific intent of hiding a digital video camera to surreptitiously record the images of these females, but perhaps later developed the intent once inside, you would not be guilty of housebreaking, but instead, only of the lesser-ineluded offense of unlawful entry, which is a much less serious offense, amounting to a criminal trespass. In contrast to housebreaking, which has a maximum punishment including 5 years’ confinement, unlawful entry permits only a maximum punishment of 6 months’ confinement. So if you do not freely and readily admit that you had the intent to commit the crime alleged when you entered these rooms, you should not plead guilty to housebreaking, but instead, plead guilty to unlawful entry.
The military judge then engaged in a colloquy with Appellant regarding the three specifications of Charge II. When discussing Specification 1, the military judges dialogue with Appellant consisted of the following:
MJ: Do you believe that under the circumstances, that your actions that you intended inside this room would be conduct unbecoming an officer and gentleman?
ACC: Yes, sir.
MJ: Why do you believe that?
ACC: Well, actions such as this completely destroys [sic] the trust between two people; it is morally reprehensible, to say the least. It’s not the type of behavior that an officer would do.
MJ: So you agree that this would detract from your status as a cadet, an officer candidate, essentially?
ACC: Yes, sir.
*131 MJ: And as a gentleman, as it is traditionally defined — a person of character?
ACC: Yes, sir.
When discussing Specification 2, the military judge asked Appellant:
MJ: Again, do you believe your intended conduct in this instance would be conduct unbecoming to an officer and gentleman?
ACC: Yes, sir, I do.
MJ: Why is that?
ACC: Again, it breaks the trust, and it brings discredit upon myself as a cadet, as well as the Army that I represent.
Finally, the military judge questioned Appellant about Specification 3:
MJ: [D]o you believe that under the circumstances here, on the 31st of July 2003, your conduct was unbecoming an officer and gentleman?
ACC: Yes, sir. Again, this conduct brings discredit upon myself as a cadet.
MJ: And it detracts from your status as a future officer, is that right?
ACC: Yes, sir.
DISCUSSION
A military judge’s decision to accept a guilty plea is reviewed for an abuse of discretion. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008). It is an abuse of discretion if the military judge fails to obtain from the accused an adequate factual basis to support the plea. Id. at 321-22. In addition, it is an abuse of discretion if the military judge’s ruling is based on an erroneous view of the law. Id. at 322. While an appellate court reviews questions of law de novo, military judges are afforded broad discretion in whether or not to accept a plea. Id. This discretion is reflected in appellate application of the substantial basis test: “Does the record as a whole show ‘a substantial basis in law or fact for questioning the guilty plea.’ ” Id. (quoting United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991) (quotation marks omitted)),
I. Housebreaking
An accused “who unlawfully enters the building or structure of another with intent to commit a criminal offense therein is guilty of housebreaking.” Article 130, UCMJ. It follows that the second element of housebreaking, the element at issue here, “requires a specific intent to enter with the intent to commit [a criminal] offense.” United States v. Peterson, 47 M.J. 231, 235 (C.A.A.F.1997). The Manual for Courts-Martial defines a “criminal offense” as “[a]ny act or omission which is punishable by courts-martial, except an act or omission constituting a purely military offense.” Manual for Courts-Martial, United States pt. IV, para. 56.c(3) (2002 ed.) (MCM). As such, an act or omission identified as a purely military offense cannot form the basis for the underlying criminal offense required in a housebreaking charge. We must therefore decide whether Appellant pleaded guilty to an act or omission constituting a purely military offense.
The three specifications of Charge II describe specific acts Appellant engaged in to surreptitiously capture images of women without their knowledge. However, in addition to this descriptive conduct, the specifications link each act directly to Appellant’s compromising his status as an officer and a gentleman. The charge sheet describes the surreptitious videotaping as “acts constituting conduct unbecoming an officer and gentleman.”
The military judge made the same link during his plea inquiry. First, the military judge described the elements of housebreaking to Appellant, indicating that Appellant must admit and agree that he unlawfully entered with the intent to surreptitiously record images, “a crime constituting conduct unbecoming an officer and gentleman under Article 133, UCMJ.” Second, the military judge explained the two elements necessary to prove conduct unbecoming an officer and a gentleman. Finally, in concluding his inquiry on this charge, the military judge asked Ap *132 pellant if he believed that his conduct constituted conduct unbecoming an officer and a gentleman. The military judge’s focus on Article 133, UCMJ, demonstrates his understanding that Appellant’s compromise of his status as an officer and a gentleman, rather than Appellant’s act of surreptitious videotaping, formed the underlying offense in the housebreaking charge.
In United States v. Webb, this Court held that to satisfy the underlying criminal offense element of housebreaking an accused must possess the “intent to commit the crime stated in the specification.” 38 M.J. 62, 68-69 (C.M.A.1993). In this case, the plain language of the specifications, as well as the military judge’s colloquy with Appellant, demonstrates that the underlying offense in Appellant’s case was the offense of engaging in conduct unbecoming an officer and a gentleman, an Article 133, UCMJ, violation. As a result, the essential inquiry is not whether surreptitious videotaping has a civilian counterpart, and thus is not a “purely military offense,” but whether conduct unbecoming an officer and a gentleman is a purely military offense. \
II. Purely Military Offense
In light of the military judge’s acceptance of Appellant’s guilty plea to housebreaking based on the underlying offense of conduct unbecoming an officer and a gentleman, the question becomes whether a violation of Article 133, UCMJ, constitutes a purely military offense for the purposes of Article 130, UCMJ.
“Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may direct.” Article 133, UCMJ. The elements of Article 133 are:
(1) That the accused did or omitted to do certain acts; and
(2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.
United States v. Boyett, 42 M.J. 150, 152 n. 2 (C.A.A.F.1995) (quoting MCM pt. IV, para. 59.b.). The focus of Article 133, UCMJ, is the effect of the accused’s conduct on his status as an officer, cadet, or midshipman:
[T]he essence of an Article 133 offense is not whether an accused officer’s conduct otherwise amounts to an offense ... but simply whether the acts meet the standard of conduct unbecoming an officer....
[T]he appropriate standard for assessing criminality under Article 133 is whether the conduct or act charged is dishonorable and compromising ... this notwithstanding whether or not the act otherwise amounts to a crime.
United States v. Giordano, 15 C.M.A. 163, 168, 35 C.M.R. 135, 140 (1964). A violation of Article 133, UCMJ, necessarily requires proof that the accused is a “commissioned officer, cadet, or midshipman” because the conduct must have disgraced or dishonored the accused in his or her official capacity. See Article 133, UCMJ; see also MCM pt. IV, para. 59.c(2); United States v. Taylor, 23 M.J. 314, 318 (C.M.A.1987) (“The test [for Article 133, UCMJ] is whether the conduct has fallen below the standards established for officers.”); United States v. Marsh, 15 M.J. 252, 253-54 (C.M.A.1983) (finding that unauthorized absence is a “peculiarly military” offense, or an offense “to which disputed factual issues about the accused’s status as a servicemember must be decided by the trier of fact as part of the determination of guilt or innocence and as to which the Government bears the burden of proof beyond reasonable doubt” and which “by its express terms, the statutory prohibition applies only to a member of the armed forces”) (quotation marks omitted). It ineluctably follows that Article 133, UCMJ, is a purely military offense when it constitutes the underlying criminal offense for housebreaking. Only a commissioned military officer, cadet, or midshipman can commit the offense and it is only a court-martial that has jurisdiction to prosecute such an offense. Giordano, 15 C.M.A. at 168, 35 C.M.R. at 140 (“Conduct unbecoming an officer has long been recognized as a military offense_”). Article 133, UCMJ, therefore cannot serve as the *133 underlying criminal offense in a housebreaking charge.[2]
III. Lesser Included Offense of Unlawful Entry
The question now presented is whether we may nonetheless affirm the lesser included offense of unlawful entry in this case. “Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.” Article 59(b), UCMJ, 10 U.S.C. 859(b) (2000); United States v. Medina, 66 M.J. 21, 24 (C.A.A.F.2008). “An accused may be found guilty of an offense necessarily included in the offense charged....” Article 79, UCMJ, 10 U.S.C. 879 (2000).
Where an offense is a lesser included offense of the charged offense, an accused is by definition on notice because it is a subset of the greater offense alleged. However, where a distinct offense is not inherently a lesser included offense, during the guilty plea inquiry the military judge or the charge sheet must make the accused aware of any alternative theory of guilt to which he is by implication pleading guilty.
Medina, 66 M.J. at 27. However, “an accused has a right to know to what offense and under what legal theory he or she is pleading guilty. This fair notice resides at the heart of the plea inquiry.” Id. at 26. “The providence of a plea is based not only on the accused’s understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts.” Id.
The elements of an unlawful entry offense are:
(1) That the accused entered the real property of another or certain personal property of another which amounts to a structure usually used for habitation or storage;
(2) That such entry was unlawful; and
(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.
United States v. Davis, 56 M.J. 299, 302 n. 4 (C.A.A.F.2002) (quoting MCM pt. IV, para, 111.b.). The MCM expressly states that an unlawful entry violation under Article 134, UCMJ, is a lesser included offense to a housebreaking charge under Article 130, UCMJ. MCM pt. IV, para. 56.d(l). The first two elements of unlawful entry are subsumed within the first element of housebreaking, which expressly requires that the accused “unlawfully entered” a certain location. MCM pt. IV, para. 56.b(l). The third element required for unlawful entry is inherently included within the second element of housebreaking.
As mentioned above, housebreaking requires that the accused entered with the intent to commit a “criminal offense” therein. MCM pt. IV, para. 56.b(2). Article 134, UCMJ, punishes, inter alia, conduct “which is or generally has been recognized as *134 illegal under the common law or under most statutory criminal codes.” United States v. Davis, 26 M.J. 445, 448 (C.M.A.1988). “[S]uch activity, by its unlawful nature, tends to prejudice good order or to discredit the service.” Id. Therefore, by entering without authority and possessing the intent to commit an offense punishable under the UCMJ, the accused has engaged in service discrediting or prejudicial conduct. See Davis, 56 M.J. at 301; MCM pt. IV, para. 56.d(l).
The question we have to answer is whether Appellant understood that, in pleading guilty to the housebreaking offenses, he was also voluntarily and knowingly pleading guilty to the lesser included offense of unlawful entry, and in so doing, relinquishing his constitutional right to contest that offense. Medina, 66 M.J. at 26-27 (“It bears emphasis that this is a question about the knowing and voluntary nature of the plea and not the adequacy of the factual basis supporting the plea.”). In this case, Appellant was “by definition on notice” that unlawful entry is a lesser included offense of housebreaking “because it is a subset of the greater offense alleged.” Id. at 27. Further, the military judge advised Appellant that he had the option of only pleading guilty to unlawful entry if Appellant did not possess the criminal intent required for housebreaking. While the military judge did not provide the specific elements of unlawful entry to Appellant, the military judge defined unlawful entry and put Appellant on notice of this alternative theory of guilt.
The closer question is whether Appellant knowingly provided sufficient factual admissions to affirm the lesser included offense. Appellant’s admissions clearly satisfy the first and second elements of unlawful entry. He admitted to entering the personal barracks room of a fellow cadet and the public women’s locker room without permission or authorization.
The third element of service discrediting conduct presents a marginally closer call. On the one hand, Appellant admitted during the providence inquiry that his intended conduct brought “discredit on [himself] as a cadet, as well as the Army that [he] represent[s].” On the other hand, Appellant was not apprised at this point that his use of the word “discredit” to describe his conduct as an officer and a gentleman was also an admission to service discrediting conduct for the purposes of Article 134(2), UCMJ.
In our view, in the context of this case, Appellant was on fair notice that his admission to discredit in the context of pleading guilty to conduct unbecoming an officer and a gentleman amounted to an admission to discrediting conduct for the purposes of unlawful entry. First, the military judge placed him on explicit notice that unlawful entry was a lesser included offense to housebreaking. Second, as a matter of law and logic, discredit is encompassed within the concept of conduct unbecoming an officer and a gentleman, to which Appellant readily pleaded. “‘As a matter of law, it is well-established that, when the underlying conduct is the same, a service discredit or disorder under Article 134 is a lesser-included offense of conduct unbecoming an officer under Article 133.’” United States v. Cherukuri, 53 M.J. 68, 71 (C.A.A.F.2000) (quoting United States v. Harwood, 46 M.J. 26, 28 (C.A.A.F.1997)); see also United States v. Rodriquez, 18 M.J. 363, 368-69 n. 4 (C.M.A. 1984) (citing William Winthrop, Military Law and Precedents 383-85, 719 (2d ed., Government Printing Office 1920 (1895))). “We have repeatedly held that conduct unbecoming an officer rationally entails a higher level of dishonor or discredit than simple prejudice to good order and discipline.” Cherukuri, 53 M.J. at 71. Thus, when a servicemember engages in conduct unbecoming an officer and a gentleman, he or she also necessarily engages in service discrediting conduct or conduct prejudicial to good order and discipline. Rodriquez, 18 M.J. at 369 (“[T]he disorder or discredit element of [Article 134, UCMJ] is necessarily included within the element of disgrace required by [Article 133, UCMJ].”). For this reason, our decision today is not inconsistent with the admonition in Medina-, “an accused has a right to know to what offense and under what legal theory he or she is pleading *135 guilty.” Medina, 66 M.J. at 26. Moreover, while Medina addressed the interplay, if any, between the separate clauses of Article 134, UCMJ, generally, our analysis today is narrowly focused on one question: The relation between the second element of housebreaking and the third element of the lesser included offense of unlawful entry presented in Appellant’s case. While Appellant pleaded guilty to housebreaking, he was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry. Id. at 27. Further, in military law conduct unbecoming an officer and a gentleman necessarily encompasses service discrediting conduct. We therefore affirm the lesser included offense of unlawful entry for the three specifications under Charge II.
DECISION
The decision of the United States Army Court of Criminal Appeals is reversed with respect to Charge II and the specifications thereunder and the sentence. We affirm only so much of Charge II and its specifications that extend to findings of guilty to the lesser included offense of unlawful entry in violation of Article 134, UCMJ, 10 U.S.C. 934 (2000). The remaining findings are affirmed. However, the record is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for reassessment of the sentence in light of our action on the findings.

. The Article 134, UCMJ, specification charged a violation of Ky.Rev.Stat. Ann. § 531.090 (Lexis-Nexis 2002), assimilated under Clause 3 of Article 134, UCMJ.

. The Government argues that an Article 133, UCMJ, violation cannot be a purely military offense because while both Articles 133 and 134, UCMJ, require proof of unique military concepts, i.e., conduct unbecoming an officer and a gentleman and either service discrediting conduct or conduct prejudicial to good order and discipline, the underlying conduct proscribed in these articles could have a civilian analog. There are two problems with this argument. First, in this case, Appellant was expressly charged with conduct unbecoming an officer and a gentleman as the underlying offense and not just voyeurism. It was on that basis that his plea was taken. Second, whereas the military "preemption doctrine” bars the government from charging an accused under Article 134(1), UCMJ, and Article 134(2), UCMJ, for conduct that is appropriately charged under an enumerated article, this same doctrine does not apply to Article 133, UCMJ. See United States v. Erickson, 61 M.J. 230, 233 (C.A.A.F. 2005) (“For an offense to be excluded from Article 134 based on preemption it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.”). While we decline to decide today whether an Article 134, UCMJ, offense can serve as the underlying criminal offense in a housebreaking charge, we note that Articles 133 and 134, UCMJ, contain at least one significant difference. An accused can be charged with either an Article 133, UCMJ, offense or the enumerated punitive article based on the same underlying conduct, provided the conduct is, in fact, unbecoming an officer and a gentleman. United States v. Palagar, 56 M.J. 294, 296 (C.A.A.F.2002). In short, Article 133, UCMJ, addresses the purely military nature of the conduct in question.