UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, GALLUP, and HOFFMAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Cadet MARK R. CONLIFFE
 United States Army, Appellant

 ARMY 20040721

 United States Military Academy
 West Point, New York
 David L. Conn, Military Judge
 Colonel Lawrence J. Morris, Staff Judge Advocate (pretrial)
 Colonel Robin N. Swope, Staff Judge Advocate (post-trial)

For Appellant: Colonel John T. Phelps, JA; Lieutenant Colonel Kirsten V.C.
Brunson, JA; Major Charles A. Kuhfahl, JA; Captain Todd N. George, JA (on
brief).

For Appellee: Colonel John W. Miller, JA; Lieutenant Colonel Michele B.
Shields, JA; Major Tami L. Dillahunt, JA; Captain W. Todd Kuchenthal, JA
(on brief).

 17 February 2009

 -------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 -------------------------------------------------

Per Curiam:

 On 7 January 2009, the Court of Appeals for the Armed Forces (CAAF)
set aside our findings of guilty with respect to Charge II and its three
specifications alleging housebreaking in violation of Article 130, UCMJ.
United States v. Conliffe, 67 M.J. 127 (C.A.A.F. 2009). The CAAF affirmed
only so much of Charge II and its Specifications that extended to findings
of guilty of the lesser included offense of unlawful entry under Article
134, UCMJ, affirmed the remaining findings of guilty, and remanded the case
to this court for sentence reassessment. Id at 135.

 We have reassessed the sentence of this trial by military judge alone
as directed by our superior court. We are cognizant of the reduction in
maximum possible punishment based on the action of our superior court, but
note the nature of appellant’s underlying criminal acts has not changed
(i.e., surreptitious videotaping of women undressing and/or showering). We
have given appellant appropriate credit for his guilty pleas and note the
military judge ruled the three specifications at issue

CONLIFFE – ARMY 20040721

were multiplicious for sentencing with the corresponding specifications
alleging conduct unbecoming an officer in violation of Article 133, UCMJ
(Specifications 3-5, Charge III).

 Reassessing the sentence on the basis of the errors noted, the entire
record, and applying the principles of United States v. Sales, 22 M.J. 305
(C.M.A. 1986) and United States v. Moffeit, including Judge Baker’s
concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), we find the “sentencing
landscape” has not changed and are reasonably certain what sentence would
have been adjudged and approved for the remaining offenses and the offenses
as amended. Accordingly, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court