BAKER, Judge
(concurring in the result):
I agree with the conclusion in this case: the offense of indecent acts as charged under clause 1 or 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), is not a purely military offense. However, I disagree with the Court’s analysis in reaching this conclusion.
In particular, the majority adopts an “elements test” to determine whether an offense is “purely military” in nature:
*125 Therefore, consistent with our decision in Conliffe, we decline to determine whether an offense is a purely military offense by conducting a survey of, or making other reference to, state and federal law. We devolve instead to consideration of the elements of the underlying offense.
Article 134, UCMJ, by its terms, applies to anyone “subject to this chapter.” Under the UCMJ, that phrase includes a variety of individuals who are not in the military. See Article 2(a), UCMJ, 10 U.S.C. § 802(a) (2006). Appellant’s contention that any crime charged under clause 1 or 2 of Article 134, UCMJ, must be a purely military offense is therefore incorrect — the text of the UCMJ provides that Article 134 might be violated by persons who are not and never have been in the military.
United States v. Contreras, 69 M.J. at 123-24 (C.A.A.F.2010).[1] In short, because the text of clause 1 of Article 134, UCMJ, refers to “persons subject to this chapter,” and Article 2, UCMJ, 10 U.S.C. § 802 (2006), potentially reaches civilians, the majority concludes that the offense of indecent acts is not a purely military offense. Of course, by the same “elements” reasoning, effecting an unlawful enlistment, failing to obey a general regulation, hazarding a vessel, and malingering would not be purely military offenses.[2] Such a conclusion, as a practical matter, largely may be irrelevant in the context of Article 130, UCMJ, 10 U.S.C. § 930 (2006); however, the term has jurisdictional implications as well. The President has employed the term in Rule for Courts-Martial 201(d)(1) in the jurisdictional context stating, “Courts-martial have exclusive jurisdiction of purely military offenses.” Moreover, the majority seems to prejudge both the jurisdictional issues and substantive law issues that might arise were a civilian charged with a violation of the UCMJ.
The better approach when determining whether an offense is “purely military” for the purposes of Manual for Courts-Martial, United States pt. IV, para. 56.c(3) (2005 ed.) (MCM), is that taken by this Court prior to this case, which entails examination of the gravamen of the offense, and not just the elements. In this regard, civilian practice with reference to federal and state law is not dispositive, as the Government seems to suggest, but it may offer relevant context, just as the absence of any “persons subject to this chapter” other than military members being charged with an offense, might help to inform a judgment as to whether an offense was purely military in nature.
An “elements test” is superficially appealing for a number of reasons. First, it appears to offer certitude, in lieu of the case-by-case analysis required from contextual analysis. Second, in some cases the “purely military” nature of the offense may be easily ascertained from the statutory elements language. Likewise, the MCM further limits some offenses under Article 134, UCMJ, through elements that expressly confine the offense to military members. However, the fact that an “elements test” gets to the right result in some cases (including this one) does not make it an appropriate substitute for the *126 contextual analysis heretofore required and applied in this area of law.
A quick review of the punitive articles set forth in the MCM reveals why. Consider the offense of malingering under Article 115, UCMJ, 10 U.S.C. § 915 (2006). Under the UCMJ, the offense applies to “[a]ny person subject to this chapter.” The elements of this offense do not appear to limit the offense to military members. It is not until one resorts to contextual analysis beyond the statutory elements of the offense read with Article 2(a), UCMJ, that one learns in the explanation section in the MCM for this offense that we see the limitation to “work, duty, or service ... expected of one in the military service.” MCM, pt. IV, para. 40.-c(l). Thus, notwithstanding the statutory language and the absence of a limitation in the statutory elements, one would otherwise consider this a purely military offense. Consider also the offense of wrongful cohabitation under clause 1 or 2 of Article 134, UCMJ, where “the accused and another person openly and publicly lived together as husband and wife” when they were not in fact married. MCM, pt. IV, para. 69.b(l). Again, the elements do not appear to limit the offense to military members and under the majority’s paradigm, one would not otherwise consider this a purely military offense. However, in the wake of United States Supreme Court cases about individual privacy rights, it would seem that no one other than perhaps a military member would be subject to prosecution for this offense.
In short, while the expedience of the “elements-based” approach may possess some superficial appeal, where we are implicating the application of military law to civilians, as the majority does here, we should paint with a fine contextual brush rather than a broad one of black letter law. Moreover, if applied literally the majority’s analysis will result in absurd results. More likely, the Court will revert to contextual analysis, in which case it is not adopting an “elements test” at all, but rather adding a layer of confusion to the law, by in fact applying a contextual approach, while purporting to apply a black letter and predictable rule. This is suggested by the opinion’s language stating: “Other crimes, however, are not so limited, nor would anyone otherwise consider them to be purely military offenses-” Contreras, 69 M.J. at 124. In short, the majority’s analysis is either incorrect — suggesting that a slew of purely military offenses apply to civilians — or it is confusing — suggesting that a review of statutory elements and Article 2, UCMJ, will determine which offenses are purely military when in fact this Court and practitioners are really intended to look to the nature of the offense in context to determine whether it is purely military in nature.

. The majority cites United States v. Conliffe, 67 M.J. 127 (C.A.A.F.2009), in support of its "elements-based” approach, suggesting that Conliffe was based on the statutory status of a commissioned officer, i.e., that the element of the offense includes one's status as a commissioned officer. To the contrary, the Conliffe analysis was contextual. The analysis was not exclusive, but rather focused on the nature of the offense: "The focus of Article 133, UCMJ, is the effect of the accused's conduct on his status as an officer, cadet, or midshipmen....” Id. at 132. This reference to status is not statutory, but rather directed to an officer’s status as a leader. As a result, only a commissioned military officer, cadet, or midshipman could commit the offense, because only such persons could undermine their leadership status in the same roles. That Conliffe offered a contextual perspective, rather than an elements-based rule, was reinforced in note 2 stating: "[We] decline to decide today whether an Article 134, UCMJ, offense can serve as the underlying criminal offense in a housebreaking charge, we note that Articles 133 and 134, UCMJ, contain at least one significant difference.” Id. at 133.

. Articles 84, 92, 110, and 115, UCMJ, 10 U.S.C. §§ 884, 892, 910, 915 (2006). Under Article 134, UCMJ, the following offenses would also not be considered purely military ones: disloyal statements, jumping from a vessel into the water, and straggling.