# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38769 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Yogendra RAMBHAROSE**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 13 July 2018

———————————

*Military Judge:* Tiffany M. Wagner (arraignment); Lynn Watkins.

*Approved sentence:* Bad-conduct discharge, confinement for 15 months, and reduction to E-1. Sentence adjudged 21 October 2014 by GCM convened at Joint Base Charleston, South Carolina.

*For Appellant:* Major Annie W. Morgan, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Matthew L. Tusing, USAF; Mary Ellen Payne, Esquire.

Before HARDING, KIEFER, and SPERANZA, *Appellate Military Judges*.

Judge SPERANZA delivered the opinion of the court, in which Senior Judge HARDING joined. Judge KIEFER filed a separate dissenting opinion.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

SPERANZA, Judge:

Appellant was charged with five specifications of abusive sexual contact by bodily harm in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, for allegedly touching JF on divers occasions, touching Senior Airman (SrA) BN, touching SrA HK, and touching SrA TW on two separate occasions without their consent and with an intent to arouse or gratify his sexual desires. Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery for unlawfully touching JF on one occasion, touching SrA BN, and touching SrA TW on one occasion, in violation of Article 128, UCMJ, 10 U.S.C. § 928. The military judge, sitting as a general court-martial, convicted Appellant of committing the greater offense of abusive sexual contact upon JF on divers occasions and upon SrA HK with exceptions and substitutions. Appellant was acquitted of the remaining specification involving SrA TW and the greater offenses involving SrA BN and SrA TW. The military judge sentenced Appellant to a bad-conduct discharge, 18 months of confinement, and reduction to the grade of E-1. The convening authority approved only 15 months of confinement but otherwise approved the adjudged sentence.

## I. BACKGROUND

On initial appeal, Appellant contended that his convictions for offenses related to JF and SrA HK were legally and factually insufficient; the testimony of a special agent amounted to impermissible, prejudicial "human lie detector" evidence; and the military judge erroneously admitted improper sentencing evidence. This court also reviewed whether the military judge erred by using statements from Appellant's guilty plea inquiry to determine the propriety of a false exculpatory statement argument in findings and whether the military judge erred by considering charged conduct as possible propensity evidence under Military Rule of Evidence (Mil. R. Evid.) 413 in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016).

In *United States v. Rambharose*, No. ACM 38769, 2016 CCA LEXIS 756 (A.F. Ct. Crim. App. 15 Dec. 2016) (unpub. op.) (*Rambharose I*), we agreed that Appellant's conviction of abusive sexual contact upon SrA HK was factually insufficient. Thus, this court dismissed that specification with prejudice and reassessed Appellant's sentence to a bad-conduct discharge, confinement for 13 months, and reduction to E-1. Finding no other errors that materially prejudiced Appellant, we affirmed the remaining findings.

However, the United States Court of Appeals for the Armed Forces (CAAF) granted Appellant's petition and reviewed the following issue: "WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION BY GRANTING THE GOVERNMENT'S MOTION TO USE EVIDENCE OF

CHARGED SEXUAL MISCONDUCT UNDER M.R.E. 413 TO SHOW PRO-PENSITY TO COMMIT OTHER CHARGED SEXUAL MISCONDUCT. *See UNITED STATES v. HILLS*, 75 M.J. 350 (C.A.A.F. 2016)." *United States v. Rambharose*, 76 M.J. 262 (C.A.A.F. 2017). The CAAF summarily disposed of this issue, setting aside our opinion and returning Appellant's record of trial "to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for a new review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012), to evaluate the case in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017)." *United States v. Rambharose*, 76 M.J. 441 (C.A.A.F. 2017) (*Rambharose II*).

## II. DISCUSSION

With the exception of the legal and factual sufficiency of the evidence supporting Appellant's conviction for abusive sexual contact upon JF on divers occasions, which we do not decide, we reach the same findings we previously reached with respect to matters raised outside the issue granted by the CAAF and remanded for our consideration. *See Rambharose I*, 2016 CCA LEXIS 756; *Rambharose*, 76 M.J. 262; *Rambharose II*, 76 M.J. 441. Consequently, we only need to evaluate Appellant's conviction of abusive sexual contact upon JF on divers occasions in light of *Hukill* and subsequent precedent. The current legal landscape compels us to set aside this conviction.

Appellant pleaded guilty to the lesser-included offense of assaulting JF by grabbing her breast while at work on a single occasion. The Government proceeded to findings on the greater offense of abusive sexual contact on *divers occasions*. JF testified about the incident to which Appellant pleaded guilty and one other time Appellant allegedly grabbed her breast in the workplace. The Government also presented Appellant's statements to investigators in which Appellant admitted to intentionally touching JF's breast on one occasion—the one to which he pleaded guilty. During his providence inquiry with the military judge on this lesser-included offense, Appellant's description of the offense was largely consistent with his pretrial statements to law enforcement. Appellant claimed that when he reached for the computer mouse on JF's desk, JF said, "I thought you were going to grope me." Appellant responded "how, like this" and touched her breast.

In order to convict Appellant of abusive sexual contact upon JF on divers occasions, the Government needed to prove beyond a reasonable doubt that Appellant touched JF's breast on the additional occasion and that on both occasions Appellant intended to gratify his sexual desire. In addition to providing evidence to prove the specification related to JF, the Government provided evidence in support of the other abusive sexual contact allegations involving SrA BN, SrA HK, and SrA TW. The military judge permitted the Gov-

ernment to use the evidence of each charged sexual offense pursuant to Mil. R. Evid. 413 to demonstrate Appellant's propensity to commit the other charged sexual offenses. This was prejudicial, constitutional error.

The use of charged-conduct evidence as Mil. R. Evid. 413 propensity evidence for other charged offenses creates constitutional concerns regardless of the forum. *Hukill*, 76 M.J. at 222. As such, the erroneous use of evidence in this case must be tested for prejudice under the standard of harmless beyond a reasonable doubt. *Id.* The error is harmless beyond a reasonable doubt when the error did not contribute to the appellant's conviction or sentence. *Hills*, 75 M.J. at 357. An error is not harmless beyond a reasonable doubt when there is a reasonable possibility that the error might have contributed to the conviction. *Id.*

In testing Appellant's case for constitutional error in light of *Hukill*, we considered whether the Government's evidence, however credible, constituted evidence so overwhelming that it removed any reasonable possibility that the error contributed to Appellant's conviction. We find that the evidence of Appellant's abusive sexual contact upon JF on divers occasions was not so overwhelming and did not remove any such possibility. While our dissenting colleague reached the opposite conclusion as to a single incident, we cannot ignore the military judge's acknowledgement that she would consider evidence of the charged offenses in a manner later prohibited by *Hukill*. Even though we find JF credible and the circumstantial evidence of Appellant's intent strong, the evidence of Appellant's specific intent on the two occasions he touched JF's breast was not *overwhelming*. Appellant's specific intent had to be proven by circumstantial evidence, and we are convinced that the military judge considered all circumstances—to include propensity evidence related to the charged offenses as she said she would—to discern Appellant's intent and find him guilty of the abusive sexual contact. Moreover, JF's testimony regarding the additional incident establishing "on divers occasions" lacked specific evidence, such as a pretrial admission by Appellant that the additional incident occurred. Instead, the evidence of the other charged offenses provided independent, additional evidence of Appellant's intent and ready-made rebuttal to Appellant's argument that he was joking when he grabbed JF's breast one time. As a result, we cannot be confident there is "no reasonable possibility" that the propensity evidence admitted under Mil. R. Evid. 413 contributed to the verdict. *Hukill*, 76 M.J. at 222.

In light of our conclusion that the error is not harmless beyond a reasonable doubt, we set aside Appellant's conviction for the greater offense of abusive sexual contact upon JF on divers occasions, as charged in Specification 1. Consistent with Appellant's guilty plea, the evidence supports a finding of guilty of the lesser-included offense of assault consummated by a battery of

JF on one occasion. Therefore, this court affirms only so much of the finding as includes the lesser-included offense of assault consummated by a battery of JF on the one occasion *to which Appellant pleaded guilty*. *See United States v. Conliffe*, 67 M.J. 127, 133 (C.A.A.F. 2009); *cf. United States v. Armstrong*, ___ M.J. ___, No. 17-0556/AR (C.A.A.F. 28 Jun. 2018). Our conclusions as to the providency of Appellant's guilty pleas to the lesser-included offenses of assault consummated by a battery involving BN and TW and the factual sufficiency of Appellant's conviction of abusive sexual contact upon SrA HK remain unchanged. Appellant's pleas to the offenses involving BN and TW were provident. The evidence of abusive sexual contact upon SrA HK was factually insufficient and thus the finding of guilty as to Specification 3 is set aside and the specification is dismissed with prejudice. A rehearing on the set-aside finding of the greater offense of abusive sexual contact upon JF on divers occasions is authorized.

### III. CONCLUSION

The finding of guilty as to the lesser-included offense of assault consummated by a battery of JF except the words "on divers occasions" for Specification 1 of the Charge is **AFFIRMED**. The findings of guilty as to the lesser-included offenses of Specifications 2 and 4 are **AFFIRMED**. The finding of guilty to the lesser-included offense of assault consummated by a battery, in violation of Article 128, UCMJ, for the Charge is **AFFIRMED**.

The finding of guilty for the greater offense of abusive sexual contact upon JF on divers occasions as charged in Specification 1 is **SET ASIDE**. The finding of guilty as to Specification 3 is **SET ASIDE** and the specification is **DISMISSED WITH PREJUDICE**. The finding of guilty to the Charge under Article 120, UCMJ, is **SET ASIDE**.

A rehearing of the set-aside findings for Specification 1 and the Charge is authorized.

The sentence is **SET ASIDE**. A rehearing on the sentence is authorized. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

KIEFER, Judge (dissenting):

I respectfully dissent from my colleagues' opinion setting aside the finding of guilty to Specification 1 of abusive sexual contact on divers occasions under Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. I find that full evaluation of the Government's case, free from any consideration of propensity issues, yields overwhelming evidence that Appellant acted with the intent to gratify his sexual desire on one of the two alleged occasions. Be-

cause of the strength of the Government's case, I am convinced there is no reasonable possibility the error permitting consideration of other charged offenses under Military Rule of Evidence (Mil. R. Evid.) 413 might have contributed to the conviction. Accordingly, I would affirm the finding of guilty to abusive sexual contact of JF on the one occasion to which Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery. The United States Court of Appeals for the Armed Forces (CAAF) remanded this case to us to address whether the holding in *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), requires reversal of Appellant's conviction for abusive sexual contact under Specification 1. In this specification, Appellant was charged with wrongfully touching a female co-worker's breast with the intent to gratify his sexual desire on two separate occasions under Article 120, UCMJ. Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery on a single occasion under Article 128, UCMJ, and not guilty to the other alleged incident. Appellant asserts that the military judge's decision to allow the parties to argue Mil. R. Evid. 413 constituted error that was not harmless beyond a reasonable doubt.

The factual record for the greater offense of abusive sexual contact consisted of JF's sworn in-court testimony, Appellant's videotaped interview with the Air Force Office of Special Investigations (AFOSI), Appellant's sworn written statement to investigators, and Appellant's statements as part of the providence inquiry on the lesser-included offense.

At trial, JF testified that she and Appellant were co-workers in the same office. One day during work, Appellant came to her desk to help with a work-related issue. While there, he reached down and cupped her breast. In response, she moved his hand away. JF further testified that on a subsequent occasion, Appellant came to her desk and again grabbed her breast. This time she moved his hand away and bent his fingers backward.

During his AFOSI interview, Appellant initially denied touching anyone or engaging in any wrongdoing. As the interview progressed and additional facts were presented, Appellant admitted that he had inappropriately touched multiple women, including JF. With respect to JF, Appellant stated that he went to her desk to help with a work issue on her computer and when he reached for her mouse, JF said she thought he was going to "grope" her. Appellant admitted that he then grabbed her breast in response to this statement. Similarly, in his written statement to AFOSI, Appellant admitted he grabbed JF's breast on one occasion and characterized his conduct as wrong and inappropriate. At trial, Appellant pleaded guilty to assault consummated by a battery under Article 128, UCMJ, for wrongfully touching JF's breast on one occasion in the workplace. During the plea inquiry, Appellant admitted under oath that he intentionally grabbed JF's breast without

6

her consent in response to her allegedly commenting that she thought he was going to "grope" her. Appellant said he thought the incident was funny at the time. JF disagreed with this characterization and testified that Appellant's touching of her breast was not a joke.

Prior to findings argument, trial counsel requested the military judge consider evidence of other charged offenses for propensity purposes under Mil. R. Evid. 413. Defense counsel did not object, and the military judge agreed to allow the parties to argue Mil. R. Evid. 413. The military judge did not specify what evidence she might consider under this rule or for which offenses. She also stated that she understood the concept of spillover, how to apply that instruction with respect to the various charged offenses, and how each offense stands on its own. The military judge ultimately found Appellant guilty of the charged offense of abusive sexual contact on divers occasions against JF. I agree with my colleagues' conclusion, as we found in *United States v. Rambharose*, No. ACM 38769, 2016 CCA LEXIS 756 (A.F. Ct. Crim. App. 15 Dec. 2016) (unpub. op.) (*Rambharose I*), that the military judge's decision to allow the parties to argue evidence of other charged offenses for propensity purposes was plain error. A military judge's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). "The meaning and scope of M.R.E. 413 is a question of law that we review de novo." *United States v. Hills*, 75 M.J. 350, 354 (C.A.A.F. 2016) (citation omitted).

In *Hills*, the CAAF analyzed the use of charged offenses for propensity purposes in the context of a members' case, which included Mil. R. Evid. 413 instructions. The court noted that the instructions "provided the members with directly contradictory statements about the bearing that one charged offense could have on another" and "seriously muddled" the presumption of innocence. *Hills*, 75 M.J. at 357. "It is antithetical to the presumption of innocence to suggest that conduct of which an accused is presumed innocent may be used to show propensity to have committed other conduct of which he is presumed innocent." *Id.* at 356. The CAAF held that "'constitutional dimensions are at play.'" *Id.* (quoting *United States v. Wolford,* 62 M.J. 418, 420 (C.A.A.F. 2006)). Accordingly, on the issue of prejudice, the CAAF applied a harmless beyond a reasonable doubt standard finding an "error is not harmless beyond a reasonable doubt when 'there is a reasonable possibility that the [error] complained of might have contributed to the conviction.'" *Id.* (quoting *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007)).

In *Rambharose I*, we held that the military judge erred by agreeing to allow the parties to argue evidence of charged offenses for propensity purposes. *See* 2016 CCA LEXIS 756, at *29. On the issue of prejudice, we found this case distinguishable from *Hills* given the number of victims, the separateness

of the offenses, and the lack of any instructional issues in this judge-alone forum. *Id.* at *30. We initially applied a plain error analysis and found that the error did not materially prejudice a substantial right of Appellant. *Id.* We also, however, evaluated the more stringent harmless beyond a reasonable doubt standard and again found that the Government's evidence was strong enough to meet that test. *Id.* at *33.

Subsequent to *Rambharose I*, in *United States v. Hukill*, the CAAF further clarified its *Hills* ruling and held that "the use of evidence of charged conduct as Mil. R. Evid. 413 propensity evidence for other charged conduct in the same case is error regardless of the forum, the number of victims, or whether the events are connected." *Hukill*, 76 M.J. at 222. "The same constitutional concerns exist if, in a military judge-alone trial, a military judge uses charged conduct as propensity evidence under M.R.E. 413." *Id.* In *Hukill*, the CAAF went on to apply the harmless beyond a reasonable doubt standard outlined in *Hills*. *Id.* Thus, despite the fact that Appellant's case involved multiple victims, included allegations over a period of years all on distinct occasions, and was tried in a judge-alone forum, the military judge's agreement to allow the parties to argue evidence of other charged offenses under Mil. R. Evid. 413 was plain error which must be tested for prejudice under a harmless beyond a reasonable doubt standard.

In *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017), the CAAF considered whether acquittals on some specifications provided proof that there was no impermissible use of evidence of other charged offenses for propensity purposes and held, "[i]t simply does not follow that because an individual was acquitted of a specification that evidence of that specification was not used as improper propensity evidence and therefore had no effect on the verdict." *Guardado*, 77 M.J. at 94. The CAAF further noted, however, that even with an error in considering other charged offenses for propensity purposes, "[t]here are circumstances where the evidence is overwhelming, so we can rest assured that an erroneous propensity instruction did not contribute to the verdict by 'tipp[ing] the balance in the members' ultimate determination.'" *Id.* (quoting *Hills,* 75 M.J. at 358).

The CAAF has also held that the prohibition concerning use of other charged offenses for propensity purposes is limited to a "charged *and contested* offense, of which an accused is presumed innocent." *Hukill*, 76 M.J. at 222 (emphasis added). The CAAF's holdings in *Hills*, *Hukill*, and *Guardado* do

not limit a trial court's consideration of offenses for which an accused has been convicted for propensity purposes.[1]

In this case, Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery on one occasion against JF. The military judge conducted an inquiry pursuant to *United States v. Care*, 40 C.M.R. 247(C.M.A. 1969), determined the plea was knowing and voluntary, and accepted Appellant's guilty plea to the lesser-included offense. "A guilty plea to a lesser-included offense may be used to establish facts and elements common to both the greater and lesser offense *within the same specification." United States v. Grijalva,* 55 M.J. 223, 227 (C.A.A.F. 2001) (emphasis added). Thus, upon acceptance of Appellant's guilty plea to the lesser-included offense, he no longer maintained a presumption of innocence for an intentional, unwanted touching of JF's breast on one occasion. He did maintain a presumption of innocence for the element of intent to gratify his sexual desire under Article 120, UCMJ, for the first alleged incident as well as all elements of the second alleged touching. Recognizing the presumptions of innocence and considering the facts and circumstances presented at trial, contrary to the majority, I find the evidence of Appellant's intent to gratify his sexual desire overwhelming, and I am convinced beyond a reasonable doubt that there is no reasonable possibility the error complained of might have contributed to the conviction on one occasion. *See Hills*, 75 M.J. at 357.

On the issue of intent, JF testified to the part of the body Appellant touched (her breast) and the manner in which he touched it ("cupped it"). This was not a slap on the shoulder or a pat on the arm. The touching was of an intimate and sexual part of the body, and any fact-finder could readily infer from this and the nature of the touching that Appellant had the intent to gratify his sexual desire.

JF also recounted the surrounding circumstances of the incident, which contradicted Appellant's argument that the assault was a joke. JF and Appellant were at work. Appellant went to JF's desk to help with a work issue. There was no previous sexual banter between the two, and nothing was happening in the office to suggest a joking environment. There was no evidence presented to indicate that JF was mistaken in her account of the interaction, and the totality of her testimony demonstrated that Appellant's touching of her breast was not a joke.

---

[1] This principle is subject to application of Mil. R. Evid. 413 and a Mil. R. Evid. 403 balancing test.

During his AFOSI interview, after initially denying any wrongdoing, Appellant admitted the basic facts that JF offered at trial, including that the incident occurred in a professional work setting. In his sworn written statement, Appellant again confirmed the basic facts of a work-related interaction. He agreed that he intentionally touched JF's breast without her consent, and he characterized his actions as inappropriate. Thus, even Appellant's version of events undermined his claim that the inappropriate touching was a joke.

Appellant's additional statements concerning the incident provide further insight into his true state of mind. As noted in *Rambharose I*, Appellant used the word "grope" to describe the alleged statement JF made just prior to him intentionally touching her breast. Common use of the term "grope," in reference to touching another person, carries a clear sexual connotation. Thus, whether JF actually said "grope" and Appellant responded by grabbing her breast or Appellant chose this word to explain the interaction, Appellant's use of "grope" demonstrates his sexual intent when he touched JF.

We, like the military judge, also had the opportunity to directly assess Appellant's demeanor and credibility from his videotaped AFOSI interview. This interview showed a person who initially denied wrongdoing, failed to provide key details, sought to minimize his culpability, and ultimately admitted the wrongfulness of his actions. There were also several inconsistencies within the interview and between the interview, Appellant's written statement, and his *Care* inquiry.[2] In evaluating the strength of the Government's case, we are permitted to consider Appellant's motive to fabricate or minimize to protect his military career, which stood in stark contrast to the lack of any motive for JF to misrepresent the circumstances of the incident. We may also consider whether Appellant's claim is logical and supported by other evidence. In this case, the other evidence demonstrates that Appellant's version of events undermines his position, and ultimately, his inconsistencies and efforts to minimize his conduct indicate a lack of credibility that bears directly on the contested issue of intent to gratify his sexual desire, completely independent of any reliance on propensity evidence.

The standards set forth in *Hills, Hukill*, and *Guardado* permit lower courts to evaluate the strength of the evidence presented at trial to determine whether it is overwhelming on a contested issue. If this were not the case, the CAAF would simply have ruled that any error concerning the use of evidence

---

[2] I am not commenting here on the substance of the providence inquiry but instead on the fact that Appellant initially denied any wrongdoing to investigators and ultimately admitted to an assault consummated by a battery at trial.

of other charged offenses for propensity purposes must result in setting aside any associated finding of guilty. No opinion of our superior court holds this, and a detailed factual analysis is essential to full consideration of these matters. Further, there is no case that requires a confession or admission of a contested fact or any specific number of witnesses or types of evidence even when evaluating the prejudicial effect of an error of constitutional dimension.

Here, the Government presented credible, consistent, sworn testimony from a first-hand witness, numerous corroborating facts from Appellant's various statements, a plea of guilty to all but one of the elements of the charged offense, and compelling evidence of intent to gratify sexual desire derived from the circumstances of the event, the part of the body touched, the nature of the touching, the lack of evidence supporting Appellant's contention that everything was a joke, and Appellant's credibility issues. The evidence that Appellant acted with the intent to gratify his sexual desire was overwhelming to the point that I am convinced there is no reasonable possibility the error permitting consideration of other charged offenses under Mil. R. Evid. 413 might have contributed to the conviction.

In evaluating the evidence surrounding the second alleged touching incident, the Government's case is not as strong. Here Appellant pleaded not guilty and did not admit the basic facts of an intentional touching of JF's breast without her consent or to any of the surrounding circumstances. Thus, all elements were fully contested at trial. While I still find JF's testimony consistent and credible, it is far more difficult to find the Government's evidence "overwhelming" on this second alleged incident. Consequently, I cannot say that the finding of guilty on "divers occasions" was free from any "reasonable possibility that the [error] complained of might have contributed to the conviction.'" *Hills* at 357 (alteration in original) (quoting *Moran*, 65 M.J. at 187). Accordingly, under Specification 1, I would affirm the finding of guilty to abusive sexual contact of JF on the single occasion to which Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court