UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SIMS, COOK, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 BRIAN F. JONES
 United States Army, Appellant

 ARMY 20110103

 Headquarters, U.S. Army Signal Center of Excellence and Fort Gordon
 Tiernan Dolan, Military Judge
 Colonel Michael W. Hoadley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Captain Jennifer
A. Parker, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee: Major Amber Williams, JA; Major Ellen S. Jennings, JA;
Captain Nathan S. Mammen, JA (on brief).

 18 October 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge, sitting as a special court-martial, convicted
appellant, pursuant to his pleas, of failure to go to his appointed place
of duty, absence without leave [hereinafter AWOL], disrespect toward a
noncommissioned officer, violation of a lawful general regulation, false
official statement, and wrongful use of cocaine and marijuana, in violation
of Articles 86, 91, 92, 107, and 112a, Uniform Code of Military Justice, 10
U.S.C. §§ 886, 891, 892, 907 and 912a [hereinafter UCMJ]. Appellant was
sentenced to a bad-conduct discharge, and confinement for seven months.
Pursuant to a pretrial agreement, the convening authority approved only so
much of the sentence to confinement as provided for four months confinement
and otherwise approved the adjudged sentence. This case is before us for
review pursuant to Article 66, UCMJ.

 Appellant alleges that the military judge abused his discretion by
accepting his guilty plea to both specifications of Charge III, where the
cited regulation did not prohibit the charged conduct. We agree.

 LAW AND DISCUSSION

 We review a military judge’s acceptance of an accused’s guilty plea
for an abuse of discretion. United States v. Inabinette, 66 M.J. 320, 322
(C.A.A.F. 2008); United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996).
 “The providence of a plea is based not only on the accused’s understanding
and recitation of the factual history of the crime, but also on an
understanding of how the law relates to those facts.” United States v.
Medina, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing United States v. Care, 18
C.M.A., 535, 538-39, 40 C.M.R. 247, 250-51 (1969)).

 Specifications 1 and 2 of Charge III allege that appellant, on two
occasions in August 2010, violated paragraph 13 of U.S. Army Signal Center
and Fort Gordon Regulation Number 210-3, dated 7 September 2001
[hereinafter Reg. 210-3] by wrongfully driving a motor vehicle on Fort
Gordon while his post driving privileges were revoked. In paragraph 13 of
Reg. 210-3, the Installation Commander authorizes the Director of Public
Safety [hereinafter DPS] to suspend the driving privileges of, inter alia,
those who have driven a motor vehicle with a blood alcohol content of 0.08
grams percent or higher. During the providency inquiry, appellant told the
military judge that he received a letter from the Military Police
[hereinafter MPs] which notified him that his post driving privileges were
revoked for one year based on his previous arrest for DUI on Fort Gordon,
Georgia. Appellant explained to the military judge that appellant believed
he violated paragraph 13 of Reg. 210-3 by driving on post after his post
driving privileges were revoked. The military judge accepted appellant’s
conclusory statement that by driving on post after receiving the letter
from the MPs, he therefore violated paragraph 13 of Reg. 210-3. However,
paragraph 13 of Reg. 210-3 did not itself prohibit appellant from driving
on post, but rather authorized the DPS to suspend appellant’s on-post
driving privileges because he had driven a motor vehicle when his blood
alcohol content was 0.08 grams percent or higher.

 CONCLUSION

 We have considered the matters personally raised by appellant pursuant
to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982) and find them to
be without merit.

 The findings of guilty of the Specifications of Charge III and Charge
III are set aside and dismissed. The remaining findings of guilty are
affirmed. The dismissal of Charge III does not dramatically change the
sentencing landscape. Reassessing the sentence on the basis of the errors
noted, the entire record, and in accordance with the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63
M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker
in his concurring opinion, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court