# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSEPH W. MOORE, JR.**
**United States Army, Appellant**

ARMY 20120496

Headquarters, Fort Bliss
David H. Robertson and Karen Riddle, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

15 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of violating a lawful general regulation, two specifications of assault consumated by battery, and one specificaiton of breaking restriction, in violation of Articles 86, 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 928, 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 108 days of confinement credit against the sentence to confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. None of appellant's assignments of error or matters personally raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) warrant relief. We note, however, one additional issue that warrants discussion and relief.

Upon review of the record, we conclude the military judge failed to elicit an adequate legal and factual basis to establish appellant's breaking restriction was of a nature to bring discredit upon the armed forces, in violation of Clause 2 of Article 134, UCMJ. "During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with breaking restriction, "which conduct, under the circumstances, was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces," a violation of Clauses 1 and 2 of Article 134, UCMJ. *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶¶ 60.c.(2), (3). As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id.* More specifically to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id.* Thus, when a specification alleges both Clause 1 and 2, and an accused pleads guilty to the entire specification, then appellant's guilty plea must be provident to each clause.

Given the facts of this case, there is no question that appellant broke restriction. Moreover, the plea inquiry firmly established facts demonstrating appellant's conduct was prejudicial to good order and discipline. The plea inquiry, however, failed to elicit an adequate legal and factual basis from appellant establishing his understanding that his conduct "would tend to bring discredit on the armed forces if known by the public." *United States v. Phillips*, 70 M.J. 161, 165-166 (C.A.A.F. 2011).

Here, the military judge properly defined Clause 2 of Article 134, and appellant acknowledged he understood that definition. Appellant summarily acknowledged his conduct violated Clause 2, and the military judge never asked appellant to explain how his conduct violated Clause 2. Furthermore, the stipulation of fact only stated that appellant's conduct "was of a nature to bring discredit upon the armed forces as Soldiers and civilians were aware of his breaking restriction." However, nothing in the record shows how this stipulated fact reflects the appellant's understanding of how this fact relates to the law. *See United States v.*

*Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)) ("The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts."). We therefore find a substantial basis in law and fact to question the providence of appellant's plea to committing conduct of a nature to bring discredit upon the armed forces in violation of Clause 2 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of the Specification of Charge III as finds that appellant, "U.S. Army, having been restricted to the limits of White Sands Missile Range, by a person authorized to do so, did, at or near White Sands Missile Range, New Mexico, on or about 5 October 2011, break said restriction, which conduct, under the circumstances, was to the prejudice of good order and discipline in the armed forces." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court